EBEN D. JORDAN, JAMES C. JORDAN and EBEN D. JORDAN, JR., Co-Partners as JORDAN, MARSH & COMPANY, Plaintiffs and Respondents, *v.* SIMON H. FRANK, Defendant and Appellant.

**1. Attachment Papers Not Part of Pleadings.**

Attachment proceedings are incidental to the main case, and form no part of the pleadings proper; and it is error to render judgment on the pleadings while a material issue raised by the complaint and answer remains untried.

(Opinion Filed June 3, 1890.)

*A*PPEAL from district court, Cass county; Hon. WILLIAM B. McCONNELL, Judge.

W. B. Douglass and Messrs. Ball & Smith, for appellants, cited: Harrison v. King, 9 Ohio St. 388; Gowan v. Hanson, 55 Wis. 341.

H. F. Miller, and Messrs. Miller, Cleland & Cleland, for the respondent, cited, upon the point stated in the foregoing syllabus: Rollins v. Kohn, 66 Wis. 658; Sackett v. Partridge, 4 Iowa 416; Churchill v. Fullrain, 8 id. 46; Wade on Attachments, vol. 1, page 298.

BARTHOLOMEW, J. On December 27, 1887, plaintiffs commenced this action, alleging an indebtedness on account for goods sold and delivered in the sum of $3,136.91, and that said amount was due and payable. The action was aided by attach-

ment.    The writ of attachment was issued upon the affidavit of
H. F. Miller, attorney for plaintiff, setting forth the statutory
ground of defendant's non-residence, and reiterating the state-
ment that the debt was due.    The warrant of attachment was
delivered to the sheriff of Cass county on December 27, 1887,
and on the same day an *alias* warrant was delivered to the sheriff
of Richland county.    Both writs were served by attaching all of
the property of the defendant in the respective counties.    No mo-
tion was ever made, or proceedings of any kind had, to dis-
charge such attachments.    In due time the defendant answered,
setting forth that the sum of $1,364.69 of said account was not
due when the action was commenced, and would not be due un-
til the following January, and that to that extent the action
was prematurely brought.    Afterwards, and on December 3,
1888, plaintiffs served upon defendant a notice of motion for
judgment on the pleadings in the action, stating that said "mo-
tion would be based upon the pleadings upon file, and served
in the case, and on the record of the case."    The notice stated
that the motion would be made on December 12, 1888.    The
record shows no further proceedings until January 26, 1889,
when the judge of the district court issued an order on defend-
ant to show cause on January 29, 1889, why the plaintiff should
not be granted leave to file an additional affidavit for attach-
ment in the case.    Attached to the order were copies of two af-
fidavits; the first being another affidavit by H. F. Miller, Esq.,
who made the original affidavit.    In this affidavit Mr. Miller
states that defendant, by his answer, claims that a certain por-
tion of the debt sued for was not due when the action was
brought, and that he had taken testimony tending to prove the
same, and that affiant had learned since the service of said an-
swer, that at the time the action was brought the defendant had
sold, conveyed, and incumbered his property with intent to
cheat and defraud his creditors.    The second affidavit was made
by Eben D. Jordan, Jr., one of the plaintiffs, dated December
18, 1888, and reaffirms the statement that defendant had fraud-
ulently disposed of his property when the action was com-
menced, as stated by Mr. Miller.

The order to show cause was heard on March 17, 1889, and

the court made the following order: "It is hereby ordered that plaintiffs have leave to file this affidavit of Eben D. Jordan, Jr., made on the 18th day of December, 1888, in the office of the clerk of this court, as and for an additional affidavit for attachment, with the same force and effect as if filed with the original affidavit for attachment, filed December 27, 1887." To this order the defendant at the time duly entered his objections, which were overruled, and an exception saved. Immediately thereafter, plaintiffs' motion for judgment on the pleadings was sustained; the court stating in the order for judgment that the motion was heard "on the complaint and affidavit for attachment made by H. F. Miller, attorney for plaintiffs, on the 27th day of December, A. D. 1887, and the affidavit for attachment made by Eben D. Jordan, Jr., on the 18th day of December, A. D. 1888, and filed by leave of court granted, and upon the answer of the defendant to the complaint, and upon the warrant of attachment and the entire record of the proceedings in said action, so far as they appear of record in this court." To the judgment, exceptions were duly entered and saved. The errors here assigned are the action of the court in permitting the affidavit of Eben D. Jordan, Jr., to be filed, and in considering the same in passing upon the motion for judgment, and in rendering judgment for the amount denied to be due under the answer.

At the time the additional affidavit was permitted to be filed, the property of the appellant had already been in the custody of the law for more than a year. The warrants of attachment originally issued had completely fulfilled their purposes. No additional affidavit, and no number of affidavits, could add to the efficiency of the warrant. Hence the filing of such affidavit for the purposes alleged in the order could work no advantage to respondents, and no prejudice to appellant. We do not decide whether or not such additional affidavit was permissible under our statute, because, if permitting it to be filed was error, still it was without prejudice. But the court not only permitted it to be filed, but made it retroactive. The only effect of the order was not to aid the attachment, but to avoid the answer. Under our practice (Comp. Laws, § 5014) an action may be commenced on a claim not due, and an attachment issued against

the property of a debtor, where it is alleged that a defendant has disposed of his property as stated in the additional affidavit. It was evidently the theory of the learned judge who heard the case that such affidavit, made retroactive as it was, brought the action within the terms of said § 5014 *ab initio*, and that plaintiff was entitled to judgment notwithstanding the answer. In this the trial court was wrong. No judgment should have been rendered for the full amount of the claim. Plaintiff alleged in his complaint that the debt was due and payable. That allegation was material. Without it the complaint would have been demurrable. The denial of that allegation in the answer formed a material issue. The complaint had never been amended or changed, and that issue had never been tried. The plaintiff, on his motion for judgment, must recover on the allegations of his complaint, or the admissions of the defendant. The additional affidavit was not filed in aid of the complaint, nor was it competent for that purpose.

The attachment proceedings are incidental and provisional. They form no part of the pleadings proper. Harrison v. King, 9 Ohio St. 395; Wap. Attachm. 81. In states where the affidavit for attachment and the complaint are separate, we find no case where a complaint has been aided by the statements in the affidavit; and, indeed, this must be so, because the summons, which is the writ which gives the court jurisdiction to hear the case, requires the defendant to answer the complaint. He is not allowed in the main action to traverse the allegations in the affidavit. Churchill v. Fullraim, 8 Iowa, 46. If defendant desires to discharge the attachment, he can attack the affidavit as directed by statute; otherwise the allegations remain undisturbed. No obligation rests upon him to refute them; and, unlike the allegations of the complaint, they do not stand admitted because not denied. It is clear that the judgment was based on the additional affidavit. As that affidavit formed no part of the pleadings, and as its allegations were not admitted, its consideration was error.

The judgment of the lower court is reversed, with costs, and the case remanded, with leave to plaintiff to apply to the court for an order requiring the defendant to satisfy the amount of

the claim admitted by the answer to be due, in accordance with the provisions of § 5023, Comp. Laws, should plaintiff be so advised. The issue raised by the pleadings will stand for disposition, in all respects, as though no judgment had ever been rendered. All concur.

WALLIN, J., having been of counsel, did not sit; TEMPLETON, district judge, sitting by request.