### GEORGE L. MILLER *et al.* v. THOMAS DIXON.
#### No. 42.

1. ATTACHMENT—*Judgment for Defendant—Discharge of Lien —Reversal on Appeal.* Where a trial in the district court upon the merits results in a judgment in favor of the defendant, any property upon which the plaintiff had previously acquired a lien by virtue of attachment proceedings in that action is thereby discharged (Civil Code, § 221); and, in the absence of an order of the court or judge staying or suspending the full force and effect of such judgment pending proceedings in error to an appellate court, a subsequent reversal of such judgment by the supreme court will not operate to revive such lien to the prejudice of a purchaser of the attached property intermediate the date of the rendition of the judgment in the district court and its reversal by the supreme court.

MEMORANDUM.—Error from Geary district court; M. B. NICHOLSON, judge. Action brought by Thomas Dixon against George L. Miller and W. H. Mackey, jr., as sheriff of Geary county, to enjoin the sale of a certain city lot. Judgment for plaintiff. Defendants bring the case here. Affirmed. The facts are sufficiently stated in the opinion herein, filed December 14, 1895.

*J. R. McClure*, for plaintiffs in error.

*Thomas Dever*, and *John E. Hessin*, for defendant in error.

The opinion of the court was delivered by

CLARK, J. : On the 9th day of February, 1887, one of the plaintiffs in error, George L. Miller, commenced an action in the district court of Geary county to recover from Ida Blue the sum of $1,200 claimed by him as damages which he alleged he had sustained through her wrongful acts. An order of attachment was issued in said action at the instance of Miller, and on February 15, 1887, levied on lot 9, in block 39, in the city of Junction City. On the 30th day of March thereafter a trial was had in said action before a jury, which resulted in a verdict in favor of the defendant, Blue, and judgment was thereafter rendered against the plaintiff for costs. This judgment was, at the April session of the January term, 1890, of the supreme court, reversed, and a new trial was awarded, which resulted in a judgment, at the October term, 1890, in favor of the plaintiff for $1,200, and an order was issued for the sale of said attached property to satisfy said judgment. Thereafter, the plaintiff in error W. H. Mackey, jr., as sheriff of said Geary county, in pursuance of the said judgment and order of sale, duly advertised said lot 9 for sale to satisfy said judgment. On the 23d day of April, 1887, the defendant in error, Thomas Dixon, became the owner of said lot 9 by a conveyance from one Cullinan, to whom Ida Blue had prior thereto conveyed the same, and on the 13th day of December, 1890, Thomas Dixon brought this action in the district court of Geary county against the plaintiffs in error to enjoin the sale of said lot 9, alleging in his petition that at the time of the commencement of the action he was, and for a long time prior thereto had been, the owner and in possession of said premises ; and

that Miller, by virtue of a supposed claim in and to the same, together with the defendant Mackey, as sheriff, had caused the premises to be advertised for sale ; and, unless they were restrained from so doing, their further proceeding therein would cast a permanent cloud upon his title to the property ; and he asked that the defendant Miller be required to show what claim, if any, he had upon the premises, alleging that the same was adverse and inferior in all respects to his title ; and that the defendants in that action be restrained and enjoined from selling the premises until the final action of the court. A temporary injunction was allowed upon the filing of the petition, but it was afterward dissolved upon the motion of the defendants. Upon the trial of the action judgment was rendered in favor of the plaintiff below, enjoining the defendants from selling or attempting to sell said property ; and to reverse this judgment the defendants, as plaintiffs in error, have brought the case to this court by petition in error.

,Several questions have been raised by the defendant in error as to the regularity or legality of the attachment proceedings, but, as stated by counsel for plaintiffs in error in his brief, the real question submitted to this court is as to whether or not the property attached on February 15, 1887, could be sold to satisfy the judgment that was rendered in favor of George L. Miller against Ida Blue at the October term, 1890, by the district court of Geary county ; and, in view of the conclusions we have reached, we deem it unnecessary to pass upon the other questions presented by the defendant in error in his brief.

Attachment proceedings are purely statutory in their nature, and are only ancillary to the main action. The object of an attachment is to secure a fund

to be applied in satisfaction of the judgment, should one be rendered, in favor of the plaintiff. The legislature has the power to declare what proceedings are necessary to be taken in order to acquire a lien on the property of a debtor before judgment in the action, and also has the power to say upon what contingencies such lien shall terminate. Sections 228 and 229 of the code of civil procedure provide the manner in which an attachment may be discharged before judgment as to the whole or part of the property attached, and by section 567 of the code provision is made for reviewing an order discharging or modifying an attachment, and for preserving the lien thereof until the decision of the case upon proceedings in error, during which time the interests of the defendant are protected by the undertaking given upon the allowance of the attachment, which is to remain in force until the order of discharge takes effect. The attachment proceeding being ancillary to the main action, any order made with reference to the attached property does not affect the progress of the case upon the merits. Section 221 of the code provides that "if judgment be rendered in the action for the defendant, the attachment shall be discharged and the property attached or its proceeds shall be returned to him." This section is identical with section 46 of chapter 81, General Statutes of 1889, relating to civil procedure before justices of the peace, which was construed by our supreme court in *Becker v. Steele*, 41 Kan. 173, where it was held that in an action before a justice of the peace in which an attachment had issued, and in which action judgment was rendered upon the merits in favor of the defendant, and the attached property was ordered to be returned to the defendant, an appeal to the district court by the plaintiff, in which an ordi-

nary appeal bond was filed, did not transfer or carry the attachment proceedings to the district court, so as to authorize the constable, after the rendition of the judgment by the justice of the peace, to continue to hold the possession of the attached property, and that a mortgagee of such property claiming the same under a chattel mortgage executed ·after the attachment was levied, and before judgment was rendered in the action in favor of the plaintiff, was, upon demand, entitled to the possession of the property. Section 221 of the code, in effect, provides that the rendition of a judgment in the action upon its merits in favor of the defendant operates as a discharge of the attachment; and we know of no statute which provides that the full force and effect of such judgment shall, in the absence of an order from the court or judge to that effect, be stayed or suspended pending proceedings in error to reverse such judgment; and as no order was made in the case of Miller against Blue preserving the lien of the attachment pending proceedings in error to reverse the judgment rendered therein, we are of the opinion that the owner of the property in controversy could, after the rendition of such judgment, convey just as good a title thereto as she could have conveyed had no attachment been levied thereon.   As the defendant in error acquired title to the property in controversy after the attachment was discharged, and before the judgment in favor of Blue was reversed by the supreme court, the title thus acquired by him was not affected in any manner by such reversal, nor was the lien of the attachment which was discharged by the judgment in her favor on the 30th of March, 1887, revived by the reversal of such judgment by the supreme court, so as to subject the property levied upon to the pay-

29—2 APP.

ment of the judgment thereafter rendered in favor of Miller and against Blue.

As the only interest which the plaintiffs in error claimed in this action is based wholly upon the attachment levy of February 15, 1887, and as Ida Blne had long prior to the rendition of the judgment in favor of Miller parted with all her right, title or interest in and to the property in controversy, it follows that the judgment of the district court must be affirmed.

All the Judges concurring.