## WESTERN TWINE CO. v. SCOTT *et al.*

1. In an action under Comp. Laws, § 5014, on a debt not due, incurred for property obtained under false pretenses, the complaint must allege that the debt was so incurred, it not being sufficient that such allegation is contained merely in an affidavit in attachment filed in the same suit, and referred to in the complaint.

2. Attachment proceedings, showing that a debt was incurred for property obtained under false pretenses, are not admissible as evidence under a complaint on an unmatured debt, brought under Comp. Laws, § 5014, where the complaint fails to allege such fact.

(Opinion filed May 21, 1898.)

Appeal from circuit court, Minnehaha county. Hon. J. W. JONES, Judge.

Action by the Western Twine Company against C. D. Scott and J. Leslie Thompson, co-partners, on certain promissory notes. There was a judgment for defendants, and plaintiff appeals. Affirmed.

The facts are stated in the opinion.

*Joe Kirby,* for appellant.

*T. B. McMartin,* for respondents.

HANEY, J. This is an action on promissory notes not due when it was commenced. The only allegations in the complaint intended to avoid the effect of bringing suit before maturity of the claims sued upon are as follows: "That at the time of the commencement of this action the clerk of this court, upon an affidavit stating that the debt herein was incurred for property obtained under false pretenses, issued a writ of attachment directed to the sheriff of Minnehaha county, requiring him to attach and safely keep all the property of the defendants within said county; that under and by virtue of said writ of attachment the said sheriff has levied upon and now holds, the property of these defendants." After answering, the defendants moved the court upon traverse affidavits to discharge the attachment, which motion was denied. Upon the trial, after introducing its notes, plaintiff offered the affidavit, undertaking and warrant of attachment, and order sustaining the same, which were excluded by the court, and defendants moved for a dismissal of the action upon the ground, among others, that "there is no allegation in the complaint sufficient to support the action before the claim is due." This motion was sustained, and

plaintiff asked leave to amend its complaint by stating, in effect, as follows:   Alleging the issues of the attachment in this case upon sufficient affidavit, the giving of a sufficient undertaking, and there being the 'issuance of a writ in due form, and all of which we will set out in the form in the evidence just offer. Also to plead here by supplemental and amended complaint, and allege, in substance, that heretofore, and on or.about the 6th day of December, 1895, the defendants, after they had appeared and joined issue in said cause, moved this court upon the following grounds to dissolve the attachment:   That there is no law authorizing the issue of writs in the clerk; second, that the attachment was issued upon a debt before it was due; third that the affidavit was made by Joe Kirby; fourth, that the affidavit was false,—and that such motion would be made upon the pleadings and proceedings in such action, or previous affidavit and complaint served therein.   And on said hearing plaintiff presented further proof to substantiate the allegations. of his original affidavit in attachment, and the court made an order. sustaining the attachment in all things, denying the motion made by the defendants."   The application to amend having been denied, and plaintiff having insisted that it could not be nonsuited, but that the cause should be submitted to the jury, a verdict was directed, and judgment for costs rendered, in favor of defendants.

A creditor may bring an action on a claim before it is due when the debt was incurred for property obtained under false pretenses (Comp. Laws, § 5014; Finch v. Armstrong [9 S. D. 255] N. W. 740); but the fact that the debt was so incurred must be alleged in the complaint.   It is the existence of this fact which authorizes suit prior to the maturity of the claim.   The attach-

ment proceedings are incidenial and provisional.   They form no part of the pleadings proper.   Clearly, the complaint does not state a cause of action.   Jordan v. Frank (N. D.) 46 N. W. 171;  Wearne v. France (Wyo.) 21 Pac. 703;  Cox v. Dawson (Wash.) 26 Pac. 973.   Had plaintiff asked leave to amend by inserting the allegation that the debt sued upon was incurred for property obtained under false pretenses, and the trial court, in the exercise of its discretion, had denied the application, its ruling would not be reversed, upon the record before us; but plaintiff did not ask to supply the absent allegation.   Conceding that the attachment proceedings are conclu · sive evidence of the fact that the debt was incurred for prop erty obtained under false pretenses, they would not have been admissible under the proposed amended complaint, because the ultimate fact which would permit plaintiff to maintain its action before the maturity of its claims would still have been absent from the complaint.   The essential fact to allege and prove in this case was not that attachment proceedings had been instituted and sustained, but that the debt was incurred for property obtained under false pretenses.   The judgment of the circuit court is affirmed.