[No. 1938]

E. MARTIN & CO. (A CORPORATION), RESPONDENT, *v.*
W. P. KIRBY AND THE UNITED STATES FIDEL-
ITY AND GUARANTY COMPANY (A CORPORA-
TION), APPELLANTS.

J. & A. FREIBERG (COPARTNERS) RESPONDENTS, *v.*
W. P. KIRBY AND THE UNITED STATES FIDEL-
ITY AND GUARANTY COMPANY (A CORPORA-
TION), APPELLANTS.

1. RECEIVERS—ACCOUNTING—SETTLEMENT OF ACCOUNT—ORDERS.
The court, on hearing the final account of a receiver and the
objections thereto, should specifically approve those portions of
the account which it deems proper, and specifically disallow the
items which in its opinion are illegal.

2. APPEAL AND ERROR—ORDERS APPEALABLE—ORDERS SETTLING
FINAL ACCOUNT OF RECEIVER.
An order specifically allowing or rejecting all of the items of
the final account of a receiver and directing a distribution of
the funds is appealable.

3. APPEAL AND ERROR—ORDERS APPEALABLE—ORDERS SETTLING
FINAL ACCOUNT OF RECEIVER.
An order, entered after notice and hearing on application of
creditors for leave to sue a receiver of the debtor, presented
after entry of order sustaining objections to the final report of
the receiver and to his discharge which allows the claims of the
creditors in a specified sum, and which requires the receiver to
pay the same within a specified time, and which authorizes
actions against the receiver and his surety for nonpayment
within the specified time, is appealable.

4. RECEIVERS—CONCLUSIVENESS—COLLATERAL ATTACK.

An order in receivership proceedings, which directs the payment by the receiver of a specific sum to a designated creditor, and which authorizes the creditor to sue the receiver and his surety for the failure of the receiver to pay the claim within a specified time, cannot be collaterally attacked in an action by the creditor against a receiver and his surety.

5. RECEIVERS — ORDERS — CONCLUSIVENESS ON ∙ SURETY OF RECEIVER.

An order in receivership proceedings, which is binding on the receiver failing to appeal therefrom, is binding on his surety who, when sued on the bond, may not collaterally attack the order.

APPEAL from the District Court of the Seventh Judicial District, State of Nevada, in and for Esmeralda County; *Theron Stevens,* Judge.

Actions by E. Martin & Co. and by J. & A. Freiberg, copartners, against W. P. Kirby and another. From judgments for plaintiff in each action, defendant, the United States Fidelity and Guaranty Company, appeals. **Affirmed.**

STATEMENT OF FACTS

In an action brought by George F. Blatt, as plaintiff, v. The Cobweb Company, a corporation, as defendant, in the First Judicial District Court, in and for Esmeralda County, praying for the appointment of a receiver to take charge of the business and assets of said defendant corporation, the Cobweb Company, and that they be administered in a manner likely to result in the greatest benefit to all the creditors of said defendant corporation, by and under the direction and orders of the court, the said court made the following order: "This cause coming up for hearing on the 27th day of June, 1908, on motion of T. L. Foley, attorney for plaintiff, the defendant being represented in court by D. S. Truman, and it appearing to the court that a writ of attachment has been sued out and levied upon the stock of goods of the defendant corporation for the sum of four thousand dollars, and that the assets so attached are all the defendant has with which to pay its liabilities, and that said assets are more than sufficient to pay all the liabilities if handled and disposed

of in a judicious manner; that there are other numerous creditors who are liable to bring suits and attachments further against the defendant, all of which will cause great danger of waste to the assets of the defendant; that the business of the said defendant is now on a paying basis and by conservative management can be made to pay all the debts of the company, and the same being fully considered by the court: It is ordered, that a receiver be appointed to take charge of the goods, assets, rights, and credits of the defendant and all thereof, and administer them to the best interests of all parties concerned by and under the orders of this court; that W. P. Kirby, being a resident agent and manager of the said defendant corporation, the Cobweb Company, is hereby appointed to act as such receiver in that regard; and it is further ordered that said receiver shall file a good and sufficient bond in the sum of $10,000, to be approved by this court, and that upon the approval of said bond and the taking of the proper oath of office that the said property of the defendant, the Cobweb Company, shall be turned over by the sheriff of Esmeralda County to the said receiver to be by him handled and administered as herein ordered."

Pursuant to said order the said W. P. Kirby qualified as receiver and on the 30th day of June, 1908, executed and filed his bond as such trustee in the penal sum of $10,000 with the United States Fidelity and Guaranty Company (appellant herein) as surety, the condition of which said bond reads: "The condition of this obligation is such that whereas by an order of the above-entitled court, duly made and entered on the 27th day of June, 1908, the above-bounden W. P. Kirby was duly appointed receiver for the defendant, the Cobweb Company, a corporation, upon his executing a bond according to the law, in the said sum of ten thousand dollars; now, therefore, if the said W. P. Kirby, as such receiver, shall faithfully execute the duties of his trust, according to law, then this obligation to be void, otherwise to remain in full force and effect."

The receiver published for four weeks a notice of his appointment, and called for the presentation of all claims against the corporation as provided in section 95 of the general corporation act (Stats. 1903, p. 155). On the 26th day of October, 1908, the said receiver filed a petition in said court praying for an order to be allowed to sell the entire property of the corporation in bulk, and on the 26th day of December, following, the said property was sold pursuant to an order of court based on said petition, and on the same day an order was entered confirming the sale. On the 30th day of December, 1908, the receiver presented to the court his final account and petition for discharge. On the 18th day of January, 1909, objections to the final account and discharge of the receiver were filed by various creditors, which final account and the objections interposed thereto coming on to be heard, the court rendered a lengthy opinion in writing, concluding with the following order: "It is therefore ordered that the objections to the report of the receiver and to his discharge and the release of the sureties on his bond be sustained, and that such report be not approved."

Thereafter and on the 12th day of June, 1909, upon application of certain creditors for leave to sue the said receiver and his surety, the following orders were entered by the court: "In the above-entitled cause, it appearing to the court from the records, files and proceedings had herein, that J. & A. Freiberg, copartners, having duly filed their claim in the sum of six hundred forty-five dollars ($645) with the receiver herein, W. P. Kirby, as a creditor of the defendant, the Cobweb Company, within the time required by order of this court, and having appeared by their attorney, John F. Kunz, and objected to the report and application for discharge of the said receiver, W. P. Kirby, and said report and application for discharge having been denied and an order so made by the court, and it further appearing that thereupon the said creditor J. & A. Freiberg, by their attorney, duly filed an application and petition praying for an order for the payment of their said claim, or in lieu thereof asking leave to insti-

tute suit for the recovery of their said claim, a copy of which application was served on Messrs. Thompson, Morehouse & Thompson, as attorneys for said receiver, and due and proper notice of the hearing thereof having been given, and the said attorneys for the said receiver being present in court at the hearing of said application, and satisfactory and sufficient cause now appearing to the court therefor: It is ordered, that the claim of the creditor J. & A. Freiberg be allowed in the sum of six hundred forty-five dollars ($645), with interest, and that the receiver herein, W. P. Kirby, pay into court the said sum of six hundred forty-five dollars ($645) so due to the said creditor, within ten days from date hereof, with his costs; and it is ordered, that in the event that the said W. P. Kirby, receiver, fail to pay said sum within the time and as heretofore directed, that the petitioning creditor, J. & A. Freiberg, be permitted, and they are hereby given permission, to bring suit by proper proceedings against the said receiver, W. P. Kirby, and his surety, the United States Fidelity and Guaranty Company, for the recovery of said amount, with interest and costs; it is ordered, that the claims of the creditors herein named be allowed, namely, Hemenway & Moser, $372.75,   *   *   * and E. Martin & Co., $1,024.25, with interest, and that the receiver herein, W. P. Kirby, pay into court the said sum so due to each of said creditors, within ten days from date hereof, with their costs; and it is ordered, that in the event that the said W. P. Kirby, receiver, fail to pay said sums to each and all of said creditors within the time and as heretofore directed, that each and all of said petitioning creditors be permitted, and they, and each of them, are hereby given permission to bring suit by proper proceedings against the said receiver, W. P. Kirby, and his surety, the United States Fidelity and Guarantee Company, for the recovery of their respective amounts, with interest and costs."

The receiver having failed to pay the claims of E. Martin & Co. and J. & A. Freiberg in pursuance of the orders above mentioned, the said creditors brought their actions

against said receiver, W. P. Kirby, and his surety, the United States Fidelity and Guaranty Company, for the amounts of their said claims, which said actions were consolidated for the purpose of trial and heard together. The said W. P. Kirby, not having been served with process, did not appear in the actions. The cause came on regularly for trial on the 6th day of June, 1910, and, on the 6th day of July thereafter, judgment was entered in favor of the plaintiff E. Martin & Co. against the defendant the United States Fidelity and Guaranty Company for the sum of $2,432.73 and costs, and in favor of the plaintiffs J. &. A. Freiberg against the same defendant for the sum of $714.42 and costs. From the said judgments and from orders denying defendant the United States Fidelity and Guaranty Company's motions for a new trial, the said defendant has appealed.

*Bryan & O'Brien, F. C. Shin,* and *Chas. L. Lyman,* for Appellant:

Respondent must show a liability on the part of the receiver Kirby to pay certain sums of money.

The liability of this defendant, United States Fidelity and Guaranty Company, is secondary, and does not arise until Kirby, the receiver, has failed or refused to do some act which he is legally bound to do.

The complaint charges a failure to pay over certain sums to the various plaintiffs, and that is the only breach charged. It must be shown that Kirby was legally liable to pay those sums, or his failure to pay is not a breach, for which this defendant is liable.

Kirby was not liable to pay for the following reasons: (1) There had never been an accounting of his receivership; (2) there was never a valid order of distribution.

An order settling the final account of a receiver is a final adjudication on that portion of the case and is, to that extent, a judgment. (*City of Los Angeles* v. *Los Angeles City Water Company,* 66 Pac. 198; *In re Negus,* 10 Wend. 44.)

When the judgment is a money judgment, the amount

must be set out in the judgment itself. We must assume that an order settling the accounts of the receiver, being a judgment, is a money judgment against him. (*Board of Commissioners* v. *Moon,* 57 Pac. 161.)

The court was without jurisdiction to make an order allowing a claim and granting leave to the creditor to sue the receiver for the entire amount.

The court cannot allow a claim; only the receiver has such authority, and all the court can do is to order him to allow it if appropriate proceedings shall admit of appeal. (*Dent* v. *Baker,* 79 Fed. 189; *Guardian Savings Institute* v. *Bowling Green Savings Bank,* 65 Barb. 275.)

The general law relating to receivers contemplates that the receiver shall be responsible to those entitled, and to those only, for all the assets that come into his hands.

All of those who are entitled rely upon his responsibility directly for his bondsmen. If he has the responsibility, it is only proper that he should have the protection necessary, as follows: (1) To allow or to disallow claims, or (2) to have an opportunity to contest claims in such a manner as to be able to appeal and be protected by the order following the adjudication. (*Chemical National Bank* v. *Chicago-Columbia Exposition,* 48 N. E. 331.)

*T. L. Foley* and *John F. Kunz,* for Respondent:

Part of the compensation claimed by the receiver was denied by the court and an order fixing the compensation of the receiver and directing payment is appealable. (*Grant* v. *L. A. Co.,* 47 Pac. 872; *Ogden City* v. *Bear Lake Co.,* 55 Pac. 385; *Battery Bank.* v. *Western Bank,* 36 S. E. 139.)

And an order of the court appointing a receiver and denying him all compensation for services is appealable and he is entitled to an appeal from such order. (High on Receivers, 3d ed. p. 730.) And the author on the same page states that an order fixing the compensation of the receiver during the proceedings is a final order and is appealable.

The case of *City of Los Angeles* v. *Los Angeles City*

*Water Company*, 66 Pac. 198, cited by appellant, itself shows it to be an appealable order, and the orders in this case or these cases are equally certain in that the approval of the account and the expenditures made to himself and otherwise are denied, and the authority above cited shows that such an order is appealable, if the receiver so wished to do.

The contention that an action cannot be maintained against the surety until the principal's accounts are settled is clearly overcome in the case of *Deegan* v. *Deegan*, 22 Nev. 185, which was an action brought on the guardian's bond and wherein the accounts of the guardian had never been settled. Nevertheless, the action was maintained and the judgment sustained by the higher court.

Complaint is made that no account was filed, citing *Maxwell* v. *McCreery*, 41 Atl. 498, wherein the account submitted only showed moneys paid out. The final account of the receiver does give both, and the evidence shows that it covered all the transactions pertaining to the estate.

The only defense interposed by the answer filed in this case, to wit, that oral instructions were given to keep on running the saloon, was made by the receiver in the hearing to have his accounts approved over and against the objections filed by the creditors. It is, therefore, nothing but a repetition of the same defense once before ruled upon and adjudicated and denied by the court when interposed by the receiver.

The court in the case of *Blatt* v. *Cobweb Company* ruled and ordered that the claims of these plaintiffs be paid by the receiver and which he refused to do and did not do. Whether or not the order was erroneous or not is not to be considered in a collateral proceeding, and if erroneous it could be only be set aside by a direct attack or by appeal therefrom. The award having been made, however, in a collateral proceeding, it cannot be attacked by the surety and is conclusive as to the amount due to plaintiffs on the liability of the surety. (*Deegan* v. *Dee-*

*gan,* 22 Nev. 185; *Treweek* v. *Howard,* 105 Cal. 434, 39 Pac. 20; *Douglass* v. *Ferris,* 138 N. Y. 192, 33 N. E. 1041.)

*Treweek* v. *Howard, supra,* was an action on the bond of an executor and which was conditioned in the same manner as the one given in the cases at bar. The order herein was made for the payment of the claims of the plaintiffs, and the rule in collateral proceedings in an action on the bond by the weight of authority is that such orders are conclusive on the surety as well as against the principal.

In *Clark* v. *Bank,* 57 Mo. App. 277, a case similar to the one at bar, on page 285, the court says: "This settlement he made with the court, showing a balance in his hands, which he was ordered to pay over to the plaintiffs. This order of the court was absolute and binding, not only on the receiver, but on the sureties as to the amount due by the former on account of his receivership." (Citing authorities.)

Objection is made in appellant's brief that all the creditors of the Cobweb Company were not included in the award and are not parties to these actions. It will be observed that the defense thus offered was not interposed before the trial court in defendant's answer and is raised the first time on appeal. In *Deegan* v. *Deegan,* 22 Nev. 185, at p. 197, the same contention was made and disposed of by the court. In that case, it was held the defense was not properly interposed, and in these cases the defense was not set up at all. And that it cannot be taken advantage of for the first time on appeal is too well settled in our state to require citations.

By the Court, NORCROSS, J. (after stating the facts as above):

The contention of counsel for the appellant that the liability of the appellant herein is secondary, and does not arise until the receiver has failed or refused to do some act which he is legally bound to do, may be conceded.

Counsel for appellant mainly rely upon the following proposition: "The complaint charges a failure to pay over

certain sums to the various plaintiffs, and that is the only breach charged. It must be shown that Kirby was legally liable to pay those sums, and his failure to pay is not a a breach for which this defendant is liable. Kirby was not liable to pay for the following reasons: (a) There had never been an accounting of his receivership. (b) There was never a valid order of distribution."

There can be no question, we think, that the account filed by the receiver on the 30th day of December, 1908, was a final account. It was filed as a final account and contained all of the receipts and disbursements of the receiver and was a full statement of his transactions. In considering this account and the objections interposed thereto, the court took testimony and the entire matter was fully presented to the court. We agree with counsel for appellant in certain of his contentions relative to the order made upon this hearing. If the court had carried into its order the various matters discussed in the opinion of the trial judge, it would have been a complete disposition of the matter presented to the court for determination.

The court should have specifically approved those portions of the account which it deemed proper and have specifically disallowed those items contained in the receiver's account which the court referred to in its opinion as being illegal charges. There does not appear to have been any question as to the gross amount the receiver was required to account for. Neither the receiver nor the objecting creditors at the time suggested to the court that the order should be more specific.

We need not determine whether the order in the form in which it was entered was appealable as it unquestionably would have been had the court specifically allowed or rejected all of the items of the account and directed a distribution of the funds remaining in the hands of the trustee.

The orders of June 12, 1909, are not open to the objection that they do not direct the payment to certain creditors of specific amounts of money. These orders should

be considered in connection with the prior order sustaining the objections to the receiver's final account. These orders are appealable, and if they were before us upon appeal the objections thereto made by counsel for appellant might or might not be well taken.

It is sufficient for the purposes of the present case, which is collateral to the case of *Blatt* v. *Cobweb Company*, in which said orders were made, to say that they are not open to attack in this action. (*Deegan* v. *Deegan*, 22 Nev. 185; Van Fleet, Coll. Attack, 2, 3, 17.)

The case of *Deegan* v. *Deegan, supra*, was an action brought upon the bond of the guardian for failure of the guardian to discharge the duties of his trust. The guardian had failed to account upon the order of the court and was removed for failure so to do, and another guardian appointed. This court said: "The objections in this case to the orders revoking the letters of the former guardian, and appointing the present one, is a collateral attack upon the judgment of the court in the guardianship matter. (Van Fleet, Coll. Attack, 2, 3.) In such a case the jurisdiction of the district court is conclusively presumed and evidence to the contrary is not admissible. (Black, Judgm. 271; Van Fleet, Coll. Attack, 841.)"

Van Fleet on Collateral Attack, sec. 3, says: "Any proceeding provided by law for the purpose of avoiding or correcting a judgment, is a direct attack which will be successful upon showing the error; while an attempt to do the same thing in any other proceeding is a collateral attack, which will be successful only upon showing a want of power."

Again in section 17, p. 23, the author says: "A judgment must be final and on its merits, in order to bar any matter in *res adjudicata*, while each and every step taken or order made in the proceeding, whether it concerns the merits or not, is just as impervious to collateral attack as the final judgment on the merits. An interlocutory order, no matter how erroneous, if not void, will justify and protect all persons as completely as the final judgment itself. * * * Thus, interlocutory orders made

in administration proceedings are only *prima facie* correct in a direct proceeding to set them aside, but are conclusive in a suit on an administrator's bond."

It cannot be said, we think, that the orders of June 12th, *supra*, were void. They were made after notice and hearing, and if the court committed error in making the same, the error could only be corrected by appeal or other direct attack. The receiver did not attempt in any way open to him to have the orders set aside and, hence, he is bound by them. Had the receiver obeyed these orders, and paid out the money to the creditors as directed, the orders would have been a protection to him in the event other creditors or parties to the proceeding sought to compel him to account to them for the money so paid out. (*Hovey* v. *McDonald*, 109 U. S. 150, 3 Sup. Ct. 136, 27 L. Ed. 888.)

As the receiver is bound by these orders, so is the surety on his bond. (*Deegan* v. *Deegan*, *supra*; *Treweek* v. *Howard*, 105 Cal. 434, 39 Pac. 20; *Douglass* v. *Ferris*, 138 N. Y. 192, 33 N. E. 1041, 34 Am. St. Rep. 435.)

Other questions presented by the record it is unnecessary to consider. It follows that the judgments should be affirmed.

It is so ordered.