## NEVADA FIRST NATIONAL BANK OF TONOPAH *v.* LAMB

No. 2825

November 15, 1928.                                   271 P. 691.

*James T. Boyd,* for Appellant:

*Cooke & Stoddard,* for Respondent:

## OPINION

*Per Curiam:*

This is an original proceeding in certiorari. We do not deem it necessary to detail other facts than those necessary to determine the jurisdictional question raised.

The facts, so far as material, are these: In 1919, the plaintiff brought suit against the defendant upon two certain promissory notes to recover the sum of $2,993.63, interest, attorney's fees, and costs, in the district court of Nye County. An order of service by publication of summons was made upon affidavit duly filed. Thereafter personal service was had upon the defendant in New York City, and certain money on deposit was attached. The defendant having failed to appear within the time designated, judgment was rendered against him in the amount attached, wherein the court ordered:

"And it is further ordered and adjudged that this judgment be entered without prejudice, and expressly saving and reserving any and all rights of plaintiff to further proceed against said defendant for the enforcement of payment of any balance claimed to be due by plaintiff from said defendant."

Thereafter, and on November 21, 1921, a stipulation between the parties signed by the defendant personally, was filed in the case, wherein it was agreed that certain money had been attached in said action, and stipulating that the money so attached be applied to the payment of

certain claims against the money so attached by various persons. It was further stipulated that plaintiff should defer further proceedings in the action for the period of three months.

On August 3, 1922, the court, after reciting the stipulation above mentioned as an appearance by the defendant, and other matters, entered judgment in favor of the plaintiff and against the defendant for the balance alleged to be due the plaintiff.

On December 6, 1927, the defendant appeared by counsel, after due notice to the plaintiff, and moved to set aside said last-named judgment, on the ground that the court was without jurisdiction to make it. Thereafter, and on December 19, 1927, the court entered an order denying the motion.

It is the contention of counsel for petitioner that the first judgment rendered in the case was a final judgment, and, being such, the court had no jurisdiction to render a further judgment.

In support of the contention made, our attention is called to section 5236, Rev. Laws (Stats. 1913, p. 110), and section 5238, Rev. Laws, pertaining to final judgment.

It is a well-known general rule that there can be but one final judgment in a case; hence it is necessary that we determine if the judgment of 1919 was a final judgment. We do not think it was. As we have pointed out, the action was instituted to recover judgment in the sum of $2,993.63, costs, etc. The issue tendered by the complaint was whether or not the defendant was indebted to the plaintiff as alleged in the complaint and the plaintiff was entitled to have that allegation determined if he could acquire jurisdiction over the defendant by personal service upon him within the state or by his appearance in the case.

It is clear that the main purpose of the action was to recover a personal judgment for the full amount demanded in the prayer of the complaint and in the summons.

This court, in Perkins v. Sierra Nev. S. M. Co., 10

Nev. 411, very clearly set forth what constitutes a final judgment, wherein it says:

"A judgment or decree is final that disposes of the issues presented in the case, determines the cost, and leaves nothing for the future consideration of the court. When no further action of the court is required in order to determine the rights of the parties in the action, it is final; when the cause is retained for further action it is interlocutory"—citing cases.

■ The instant case comes squarely within that statement. The so-called judgment did not purport to dispose of the issue tendered by the complaint as to the full amount alleged to be due, and in the so-called judgment the court retained the cause for further consideration; hence the judgment rendered is merely interlocutory.

■ The attachment proceeding was a mere ancillary remedy. Levy v. Elliott, 14 Nev. 435. In Atkins v. Swope, 38 Ark. 528–536, it is said:

"An attachment has no bearing whatever upon the merits of a suit. It is only ancillary to secure the fruits of any judgment to be obtained."

"Attachment proceedings are incidental and provisional" and "form no part of the pleadings." Jordan v. Frank, 1 N. D. 206, 46 N. W. 171.

In Allender v. Fritts, 24 Cal. 447, it is said:

"The attachment is merely a proceeding ancillary to the action, by which a party is enabled to acquire a lien for the security of his demand. * * * *"

In Miller v. Dixon, 2 Kan. App. 445, 42 P. 1014, it is held:

"The attachment proceeding being ancillary to main action, any order made with reference to the attached property does not affect the progress of the case upon merits."

See, also, 6 C. J. 31.

Pursuant to statute, alias summons may be issued toties quoties, until due service shall be made. Had the defendant come into the state after the attachment proceedings had been had, if the original summons were

still in the hands of the officer, he might have made service thereof, and, if it were not, alias summons might have been issued and served, and jurisdiction would have been thereby acquired over the defendant such as would give the court jurisdiction to enter a personal judgment against him. This being done, the only question for the court to determine is whether the stipulation signed by the defendant was such as to constitute an appearance in the case by the defendant.

The stipulation in question, after reciting the attachment of certain money "and that said action is still pending and undetermined," provides how the money so attached shall be applied, and concludes with the following sentence:

"In consideration of which the plaintiff herein agrees to defer further proceedings in this action against the said defendant, W. C. Lamb, for the period of three months from date."

■ There can be but one conclusion as to the intention of the defendant in the case. He stipulates the present pendency of the action, the disposition of the money, and in consideration of this he is given three months' stay in the action. So far as appears, he was at the time within the jurisdiction of the court. If the court did not have nor could not acquire jurisdiction over him, no advantage could accrue in obtaining the three months' stay. It was a provision evidently sought by him and granted as a favor.

In the circumstances of the case, we think it clear that his appearance by stipulation served to give the court jurisdiction to enter the judgment thereafter entered; hence it must follow that these proceedings must be dismissed, and it is so ordered.

ON PETITION FOR REHEARING

April 2, 1929.

*Per Curiam:*

Rehearing denied.