ATLANTA GOLD AND URANIUM CO., A PARTNER-
SHIP COMPOSED OF C. E. COLLINS AND S. Y. GUTH-
RIE, SR., APPELLANTS, *v.* D. L. ATHERLEY AND
S. B. ATHERLEY, RESPONDENTS.

No. 3972

October 28, 1957       316 P.2d 932

*Gray & Horton,* of Ely, and *Eugene A. Mast,* of Grand
Junction, Colorado, for Appellants.

*Jon R. Collins,* of Ely, for Respondents.

## OPINION

By the Court, EATHER, J.:

This is an action for damages arising out of contract whereby respondents were employed to mine ore from appellants' properties in Lincoln County, and deliver the ore so mined to a smelter located at McGill, Nevada. Judgment was rendered in favor of respondents in the sum of $13,500.33 and appellants have taken this appeal. The appeal relates only to that portion of the judgment whereby respondents were allowed compensation for the mining of ore and waste.

Appellants first contend that the contract between the parties established that respondents were to receive fifty cents a ton for mining ore and ten cents a ton for mining waste; that the judgment rendered was not in accordance with such agreement. In the trial below the terms of the agreement constituted the principal dispute between the parties. Respondents contended and the trial court found that the agreement was (for the period in question at least) that respondents were to receive their actual costs of mining, for the reason that the nature of the ore to be mined was such that the cost of extraction could not be anticipated with accuracy. There is ample evidence to support this contention, and the finding of the trial court to such effect. The finding, accordingly, will not be disturbed.

Appellants next contend that the trial court, upon its own motion, improperly reopened the case after submission by both sides and permitted further evidence of costs of extraction to be submitted by respondents. Appellants' contention here appears to be that the judgment for costs in its entirety should therefore be set

aside. In no event could this be done. There was ample proof by respondents prior to this court order relating to the cost of mining. If under our rules of civil procedure, it was not available to the trial court upon its own motion to reopen the case for further evidence, we should simply remand for entry of judgment upon the proof offered prior to submission.

We need not decide upon the propriety of the court's order. From our study of the record we have concluded that this assignment of error is not available to the appellants for the reason that they cannot be said to have been aggrieved or prejudiced by this action of the trial court. The reopening of the case resulted not in establishment of damages in the first instance but in the reduction of damages which might otherwise have been allowed.

The order of resubmission by the trial court was made in conjunction with its original findings of fact and conclusions of law in which the court found the contract between the parties to be in accordance with respondents' contentions. The court stated "Although the court has found for the plaintiffs and accepts their version of the dealings between the plaintiffs and the defendants, and despite the fact that neither of the plaintiffs was cross-examined on the issue of costs, after an examination of the plaintiffs' bills and accounts, the court is not prepared to accept their definition of costs to them."

The court then gave two examples. (1) It questioned the charge of one of the appellants for wages at the rate of $500 a month. The court referred to the usual scale of wages for mining and then stated "it may be that he acted in a miner's supervisory capacity, but that is a matter to which further consideration should be given." (2) The court questioned the charge by appellants of the return haul of certain equipment as a proper item of costs of operation.

The conclusions of law stated by the court included one to the effect that the plaintiffs should recover the

costs of their mining operations and stated further "That the defendants are entitled to have from these plaintiffs the pleading of a definition of costs, and a full statement thereof by way of an accounting of all sums expended by them during the foregoing period in mining the aforesaid ores. * * *"

It appears clear from the record that the trial court felt, notwithstanding a failure on the part of appellants to bring out certain irregularities by cross examination or testimony of their own, that irregularities did exist and that it would only be fair to permit the appellants to reexamine the matter. It characterizes its order finding for the plaintiffs as being "interlocutory" pending such accounting. This, as noted, was in no way prejudicial to defendants. Nor is there merit to the appellants' attack on the court's jurisdiction to make the final judgment after reviewing its so-called first "judgment." Nevada First National Bank of Tonopah v. Lamb, 51 Nev. 162, 271 P. 691.

Appellants next complain of the findings of costs of mining made by the trial court following resubmission of the matter. The court's decision states: "It is the decision of this Court that the plaintiffs should have judgment against the defendants on their first cause of action for the sum of $12,925.64. The sum is made up as follows: Wages, $6,745.63; supplies, $3,351.49; charge for equipment rental, compressor, $1,350; shovel, $1,000.00; wagon drill, $400.00; D–8 cat and dozer, $1,250; hauling compressor, $187.50; shovel, $187.50; D–8 cat with dozer, $187.50; ripper, $50.00. Total $14,709.62. Paid on account, $1,783.98. Balance $12,925.64." The final judgment added $574.69, a sum due on another phase of the contract, over which there was no dispute. In this there was no error.

It is complained that this is uncertain in that it lacks specification. We do not regard it as uncertain. No effort appears to have been made by the appellants to

secure clarification by the trial court. Appellants have failed to show that the amounts allowed are unsupported by the evidence.

Affirmed with costs.

BADT, C. J., and MERRILL, J., concur.