ARBY W. ALPER, APPELLANT, *v.* MURRAY POSIN, RESPONDENT.

No. 4437

July 10, 1961

363 P.2d 502

*George E. Franklin, Jr.,* of Las Vegas, for Appellant.

*Jones, Wiener & Jones,* and *Magleby & Posin,* of Las Vegas, for Respondent.

# OPINION

## ON MOTION TO DISMISS

By the Court, THOMPSON, J.:

In the court below, Posin brought suit against Alper for accounting and dissolution of their joint venture, and for the appointment of a receiver. He requested that the receiver take possession of the motel business operated by the coadventurers, sell it for a fair price, and distribute the proceeds according to their interests. By his answer, Alper also requested the court to proceed immediately with the sale of the assets of the joint venture. A receiver was appointed and bond furnished. Thereafter Alper submitted an offer to purchase the assets for the gross sum of $600,000. In addition, a third person submitted an offer to the receiver to purchase for the net sum of $200,000. The receiver sought court confirmation of the latter offer. After a hearing, and over the objections of Alper, the lower court, in the exercise of its discretion, determined that the $200,000 net offer was the best offer submitted, and entered its order confirming a sale on that basis.

From such order confirming sale, Alper has appealed to this court. Posin seeks to dismiss the appeal by motion, contending, inter alia, that the order confirming the sale is not an appealable order.

1. NRCP 72(b) reads, in part, "(b) Appealable Determinations. An appeal may be taken:

"(1) From a final judgment in an action or proceeding commenced in the court in which the judgment is rendered.

"(2) From an order granting or refusing a new trial, or granting or refusing to grant or dissolving or refusing to dissolve an injunction, or appointing or refusing

to appoint a receiver, or vacating or refusing to vacate an order appointing a receiver, or dissolving or refusing to dissolve an attachment, or changing or refusing to change the place of trial, and from any special order made after final judgment.

"(3) From an interlocutory judgment, order or decree made or entered in actions to redeem real or personal property from a mortgage thereof or lien thereon, determining such right to redeem and directing an accounting, and from an interlocutory judgment in actions for partition which determines the rights and interests of the respective parties and directs partition, sale or division to be made."

An order confirming a sale by a receiver does not fall within the provisions of NRCP 72(b)(2) or (3) above quoted. However, the appellant Alper insists that the order confirming sale, entered in this case, is truly a final judgment within the meaning of NRCP 72(b)(1), for it disposes of all assets of the joint venture. We do not agree.

An aggrieved party does not have the right to appeal, unless it is expressly granted by statute or rule. Esmeralda County v. Wildes, 36 Nev. 526, 137 P. 400; Quinn v. Quinn, 53 Nev. 67, 292 P. 621.

A final judgment in an action or proceeding is essentially one that disposes of the issues presented in the case, determines the costs, and leaves nothing for the future consideration of the court. Smith v. Smith, 69 Nev. 171, 243 P.2d 1048; Magee v. Whitacre, 60 Nev. 202, 96 P.2d 201, 106 P.2d 751; Nevada First National Bank of Tonopah v. Lamb, 51 Nev. 162, 271 P. 691.

In our view, the order confirming sale here involved, is interlocutory in nature, and not the final judgment in the action. Hurley v. Universal Clay Co., 278 Mo. 408, 213 S.W. 28. After consummation of the sale, the receiver must liquidate the debts of the joint venture,

wind up its affairs, distribute the proceeds remaining and present his final report to the court, at which time the court must act again. Cf. Martin & Co. v. Kirby, 34 Nev. 205, 117 P. 2, where, by way of dictum, the court indicated that the order of final distribution was the final judgment in a receivership proceeding.

(2) There may not be more than one final judgment in an action or proceeding. Nevada First National Bank of Tonopah v. Lamb, supra.

Some states, by statute or court rule, have provided for an appeal from the interlocutory court order confirming a sale by the receiver. Vol. 2, Clark on Receivers, 3d Ed., sec. 525, p. 840. Nevada has not done so. The motion by respondent to dismiss this appeal is granted.

BADT, C. J., and McNAMEE, J., concur.