IN THE SUPREME COURT OF THE STATE OF NEVADA

RENE SHERIDAN, AN INDIVIDUAL; AND GOROCK, LLC, A DELAWARE LIMITED LIABLITY COMPANY,
            Appellants,
vs.
GINA GOFF, AN INDIVIDUAL; GOFF PRODUCTIONS, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY; SENIOR MOMENT MOVIE, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY; AND RUDOLF SEDLAK, AN INDIVIDUAL,
            Respondents.

No. 77992

FILED

MAR 22 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
    DEPUTY CLERK



RENE SHERIDAN, AN INDIVIDUAL; AND GOROCK, LLC, A DELAWARE LIMITED LIABILITY COMPANY,
            Appellants,
vs.
GINA G. GOFF, AN INDIVIDUAL; GOFF PRODUCTIONS, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY; AND SENIOR MOMENT MOVIE, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY,
            Respondents.

No. 78068

RENE SHERIDAN, AN INDIVIDUAL; AND GOROCK, LLC, A DELAWARE LIMITED LIABILITY COMPANY,
            Appellants,
vs.
ALBRIGHT STODDARD WARNICK & ALBRIGHT; GINA G. GOFF, AN INDIVIDUAL; GOFF PRODUCTIONS, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY; AND SENIOR MOMENT MOVIE, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY,
            Respondents.

No. 78202 ✓

19-12873

*ORDER DISMISSING APPEALS*

Docket No. 77992 is a pro se appeal from an order granting a motion to enforce a settlement agreement. Docket Nos. 78068 and 78202 are pro se appeals from judgments on attorney liens. Eighth Judicial District Court, Clark County; Mark R. Denton, Judge.

Review of the documents submitted to this court pursuant to NRAP 3(g) reveals a jurisdictional defect. Specifically, it appears the district court has not yet entered a final judgment resolving all claims of all parties. *See* NRAP 3A(b)(1). A final judgment is one that finally resolves all claims and issues against all parties to an action and leaves nothing to the district court's consideration except postjudgment issues such as attorney fees and costs. *Lee v. GNLV, Corp.*, 116 Nev. 424, 426, 996 P.2d 416, 417 (2000). There can be only one final judgment in a case. *Alper v. Posin*, 77 Nev. 328, 363 P.2d 502 (1961), *overruled on other grounds by Lee*, 116 Nev. at 426, 996 P.2d at 417.

Although the parties reached a settlement, and the district court has entered an order granting respondents' motion to enforce the settlement agreement, the order granting the motion merely directs appellants to comply with the terms of the agreement; it does not resolve the claims raised among the parties or dismiss the complaint. *See Brown v. WIC Stagecoach*, 129 Nev. 343, 301 P.3d 850 (2013) (an order granting a motion to enforce a settlement agreement is not a final judgment where it does not enter judgment in favor of a party or otherwise resolve the pending claims); *Valley Bank of Nevada v. Ginsburg*, 110 Nev. 440, 446, 874 P.2d 729, 733 (1994) (concluding that a district court order approving a settlement agreement was interlocutory).

Accordingly, the judgments on attorney liens are not appealable as final judgments or as special orders after final judgment, and no other statute or rule permits an appeal from such an interlocutory judgment. *Taylor Constr. Co. v. Hilton Hotels*, 100 Nev. 207, 678 P.2d 1152 (1984) (noting that this court has jurisdiction to consider an appeal only when the appeal is authorized by statute or court rule). This court therefore concludes that it lacks jurisdiction, and

ORDERS these appeals DISMISSED.[1]

_____ Pickering , J.
     Pickering

_____ , J.
Parraguirre

_____ , J.
    Cadish

cc:    Hon. Mark R. Denton, District Judge
       Rene Sheridan
       Gorock, LLC
       McDonald Carano LLP/Las Vegas
       Eighth District Court Clerk

---

[1]Appellant's "Motion for Late Filing - Transcript Request Form and Docketing Statement," filed in Docket Nos. 77992 and 78068, is granted. The clerk shall file the docketing statements received on March 5 and 7, 2019, in each docket. The court takes no action on the notice filed on March 18, 2019, in Docket No. 78068. The clerk shall strike the response filed on March 19, 2019, in that docket.