# IN THE SUPREME COURT OF THE STATE OF NEVADA

ANTHONY JACOB MONAHAN,
Appellant,
vs.
AMANDA KAITLYN HOGAN, F/K/A
AMANDA KAITLYN KING,
Respondent.

No. 78489

**FILED**

SEP 0 4 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER DISMISSING APPEAL

This is an appeal from a March 1, 2019, district court order regarding child custody. Third Judicial District Court, Lyon County; Leon Aberasturi, Judge.

Respondent has filed a motion to dismiss this appeal for lack of jurisdiction. Respondent appears to contend that the challenged order is not appealable as a final judgment under NRAP 3A(b)(1) because it does not specify a visitation schedule or set an amount of child support. Appellant admits that the challenged order does not fully resolve all issues presented but counters that it is a final order because no additional hearings have been scheduled and the district court filed a notice of entry of order regarding the order.

It appears that the district court entered a final judgment in this matter on October 26, 2015. There can be only one final judgment in an action. *See Alper v. Posin*, 77 Nev. 328, 331, 363 P.2d 502, 503 (1961), *overruled on other grounds by Lee v. GNLV Corp.*, 116 Nev. 424, 996 P.2d 416 (2000). Thus, the March 1, 2019, order is not appealable as a final judgment.

NRAP 3A(b)(7) allows an appeal from an order not arising "in a juvenile court that *finally* establishes or alters the custody of minor

children" (emphasis added). Here, the district court's order arguably altered the joint custody arrangement established in the October 26, 2015, order by recognizing that respondent has de facto primary custody of the minor child. But as noted by appellant, the order does not determine visitation. Instead, the order directs the parties to "meet and confer regarding a visitation schedule. In the event no agreement can be reached, either party shall request a hearing." Accordingly, the order does not appear appealable under NRAP 3A(b)(7) because it does not resolve the custody issue with finality. *See* NRS 125A.045(1) (visitation is a custody determination). As no other statute or court rule appears to authorize this appeal, *see Brown v. MHC Stagecoach, LLC*, 129 Nev. 343, 345, 301 P.3d 850, 851 (2013) (this court "may only consider appeals authorized by statute or court rule"), the motion to dismiss is granted, and this appeal is dismissed. This dismissal is without prejudice to appellant's right to file a timely notice of appeal from any district court order that finally establishes or alters custody and visitation. Respondent's request for attorney fees or other sanctions is denied.

It is so ORDERED.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Silver

SUPREME COURT
OF
NEVADA

(O) 1947A

cc:    Hon. Leon Aberasturi, District Judge
       Shawn B. Meador, Settlement Judge
       Aaron M. Bushur
       Carucci & Associates
       Third District Court Clerk