# IN THE SUPREME COURT OF THE STATE OF NEVADA

JANE DOE,
               Appellant,

vs.

RICHARD ROE,
               Respondent.

No. 78719

**FILED**

SEP 30 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER DISMISSING APPEAL*

This is an appeal from a district court order granting in part a motion to enforce a settlement agreement and denying a motion to vacate a settlement agreement. Eighth Judicial District Court, Clark County; Rob Bare, Judge.

Initial review of the docketing statement and documents before this court revealed a potential jurisdictional defect. It did not appear that the district court's order was appealable as a final judgment under NRAP 3A(b)(1) because it did not actually resolve the claims asserted in the district court. It also did not appear that the order was appealable under NRAP 3A(b)(2) or NRS 233B.150 as asserted by appellant in the docketing statement. Accordingly, this court ordered appellant to show cause why this appeal should not be dismissed for lack of jurisdiction.

Appellant contends that the order is a final judgment because the court determined that the parties' settlement agreement is enforceable and directed appellant to obey the material terms of the agreement, including the requirement that appellant dismiss the district court proceedings. Appellant also suggests that if she is unable to appeal the challenged order, she would be forced to either (1) stipulate to dismiss the district court case and then attempt to appeal from the stipulated dismissal

SUPREME COURT
OF
NEVADA

(O) 1947A

19-40475

order, or (2) refuse to dismiss the district court action and risk contempt of court in order to preserve this appeal.[1]

"[A] final judgment is one that disposes of all the issues presented in the case, and leaves nothing for the future consideration of the court, except for post-judgment issues such as attorney's fees and costs." *Lee v. GNLV Corp.*, 116 Nev. 424, 426, 996 P.2d 416, 417 (2000). The district court order challenged here does not resolve any issues presented in the district court case. The order simply determines that the parties' settlement agreement is enforceable and directs the parties to obey the material terms of the agreement. To the extent the order implicitly directs appellant to dismiss the case, such direction does not constitute an actual dismissal of the case. *See Valley Bank of Nevada v. Ginsburg*, 110 Nev. 440, 445, 874 P.2d 729, 733 (1994) (an order approving a settlement agreement is not a final judgment within the meaning of NRAP 3A(b)(1); until the parties file a stipulation to dismiss the action, or the case is completely resolved by another final, dispositive ruling, potential issues remain in the district court). Appellant's own observation that an order dismissing the case would constitute a final appealable judgment supports this conclusion. *See id.* (declining to construe an order approving a proposed settlement as a final judgment where such a construction would create the potential for two final judgments); *see also, Alper v. Posin,* 77 Nev. 328, 330, 363 P.2d 502, 503 (1961), *overruled on other grounds by GNLV Corp.,* 116 Nev. 424, 996 P.2d 416 (there can only be only one final judgment in a proceeding or action). Further, this court "may only consider appeals authorized by statute or court rule." *See Brown v. MHC Stagecoach, LLC,* 129 Nev. 343, 345, 301

---

[1]Appellant does not dispute that the order is not appealable under NRAP 3A(b)(2) or NRS 233B.150.

SUPREME COURT
OF
NEVADA

(O) 1947A

2

P.3d 850, 851 (2013). This court is unable to consider an appeal based on any consequences that may flow from entry of an order that is not substantively appealable.

Accordingly, as the challenged order is not a final judgment and no other statute or court rule appears to authorize this appeal, this court lacks jurisdiction and

ORDERS this appeal DISMISSED.[2]

_____, J.
Hardesty

_____, J.          _____, J.
Stiglich                                               Silver

cc: Hon. Rob Bare, District Judge
    Robert E. Gaston, Settlement Judge
    Sharp Law Center
    Bighorn Law
    Holley, Driggs, Walch, Fine, Puzey, Stein, Thompson/Las Vegas
    Eighth District Court Clerk

---

[2]Any aggrieved party may file a notice of appeal once a final judgment is entered.

Supreme Court
OF
Nevada

(O) 1947A