# IN THE SUPREME COURT OF THE STATE OF NEVADA

YVONNE O'CONNELL,
INDIVIDUALLY,

Appellant,

vs.

WYNN LAS VEGAS, LLC, A NEVADA
LIMITED LIABILITY COMPANY, D/B/A
WYNN LAS VEGAS,

Respondent.

No. 82324

FILED

JAN 25 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT

BY_____
DEPUTY CLERK

## ORDER DISMISSING APPEAL

This is a pro se appeal from an order granting a motion to enforce a settlement agreement and denying motions for reconsideration and for attorney fees and costs. Eighth Judicial District Court, Clark County; Carolyn Ellsworth, Judge.

Review of the documents submitted to this court pursuant to NRAP 3(g) reveals a jurisdictional defect. Specifically, it appears that the district court has not entered a final written judgment adjudicating all the rights and liabilities of all the parties. A final judgment is one that finally resolves all claims and issues against all parties to an action and leaves nothing to the district court's consideration except postjudgment issues. *Lee v. GNLV, Corp.*, 116 Nev. 424, 426, 996 P.2d 416, 417 (2000). There can be only one final judgment in a case. *Alper v. Posin*, 77 Nev. 328, 363 P.2d 502 (1961), overruled on other grounds by *Lee*, 116 Nev. at 426, 996 P.2d at 417. And without a final judgment, orders regarding attorney fees are likewise not ripe for appeal. Although the parties reached a settlement, and the district court has entered an order granting respondent's motion to enforce the settlement agreement, the order granting the motion merely finds the settlement amount and confidentiality term is enforceable and directs

21-02199

respondent to prepare formal documents to provide to appellant's counsel and sets a status hearing for January 31, 2021. The court's order does not resolve the claims raised among the parties or dismiss the complaint. *See Brown v. MHC Stagecoach, LLC*, 129 Nev. 343, 301 P.3d 850 (2013) (an order granting a motion to enforce a settlement agreement is not a final judgment where it does not enter judgment in favor of a party or otherwise resolve the pending claims); *Valley Bank of Nevada v. Ginsburg*, 110 Nev. 440, 446, 874 P.2d 729, 733 (1994) (concluding that a district court order approving a settlement agreement was interlocutory). This court lacks jurisdiction and

ORDERS this appeal DISMISSED.

_____, J.
Cadish

_____, J.
Pickering

_____, J.
Herndon

cc:   Hon. Carolyn Ellsworth, District Judge
      Yvonne O'Connell
      Semenza Kircher Rickard
      Eighth District Court Clerk