129 Nev., Advance Opinion 37

IN THE SUPREME COURT OF THE STATE OF NEVADA

KATHERINE BROWN,
Appellant,
vs.
MHC STAGECOACH, LLC,
Respondent.

No. 59036

**FILED**

MAY 3 0 2013

Jurisdictional screening of a proper person appeal from a district court order statistically closing a case in an employment matter. Eighth Judicial District Court, Clark County; Douglas W. Herndon, Judge.

*Dismissed.*

Katherine Brown, Tacoma, Washington,
in Proper Person.

Jackson Lewis LLP and Elayna J. Youchah, Las Vegas,
for Respondent.

BEFORE THE COURT EN BANC.

*OPINION*

By the Court, GIBBONS, J.:

This court has jurisdiction to consider an appeal from a district court order only when the appeal is authorized by statute or court rule. Katherine Brown appeals from a district court form order that

13-15868

statistically closed her case, even though the district court had not yet entered a final judgment resolving Brown's claims. The question we must decide is whether such an order is substantively appealable. It is not, as no statute or court rule authorizes an appeal from an order statistically closing a case and the order does not constitute a final, appealable judgment, as none was entered. Because we lack jurisdiction, we dismiss this appeal.

## FACTS

This appeal arises from a district court employment action filed by appellant Katherine Brown against her former employer, respondent MHC Stagecoach, LLC. Brown alleged that her supervisor had violated her civil rights by engaging in discriminatory treatment, and as a result, she was constructively terminated from her job. Through counsel, Brown filed a complaint, and the parties entered into settlement negotiations in an effort to resolve the action. Brown initially authorized her attorney to settle with MHC for $7,500. The parties dispute whether a settlement was ever actually agreed to, however, because Brown ultimately refused to sign the settlement agreement that she was presented with based on her objection to certain language in the agreement limiting the parties' ability to disclose details about the conflict and settlement. Following the breakdown of these settlement efforts, Brown's attorney requested, and was granted, leave to withdraw.

Immediately after Brown's counsel withdrew, MHC filed a motion in the district court to enforce the settlement agreement, asserting that the parties had agreed on the material terms of the settlement,

rendering the agreement enforceable. As the basis for its motion, MHC furnished correspondence between MHC and Brown's former counsel and correspondence between Brown and her former counsel regarding the settlement terms. Brown, now proceeding pro se, opposed the motion, but the district court granted the motion and entered an order setting forth the terms of the parties' settlement. The order did not enter judgment in favor of either party nor did it otherwise expressly resolve Brown's insistence that the parties did not reach a settlement. Brown appealed from that order, but this court dismissed that appeal for lack of jurisdiction, after concluding that the order was not an appealable, final judgment because it did not dismiss or formally resolve Brown's complaint.

Following the district court's grant of the motion to enforce the settlement agreement, and after the dismissal of Brown's first appeal, MHC issued a check to Brown for the settlement amount, which she refused to accept and returned to MHC marked "void." As a result, MHC filed a motion to deposit the settlement proceeds with the district court, which the district court granted. Like the prior order granting the motion to enforce the settlement, this order failed to enter judgment in favor of either party or otherwise resolve the case. Approximately two weeks after the district court granted MHC's motion to deposit the settlement proceeds, Brown filed an untimely opposition to MHC's motion and proposed order. Thereafter, without addressing Brown's opposition to MHC's motion, the district court entered a form order statistically closing the case on the basis that there had been a stipulated judgment. Brown has appealed from that order.

 

This court has appellate jurisdiction to review decisions of the district courts. Nev. Const. art. 6, § 4. But this court's appellate jurisdiction is limited, *Valley Bank of Nev. v. Ginsburg*, 110 Nev. 440, 444, 874 P.2d 729, 732 (1994), and we may only consider appeals authorized by statute or court rule. *Taylor Constr. Co. v. Hilton Hotels Corp.*, 100 Nev. 207, 209, 678 P.2d 1152, 1153 (1984). No statute or court rule directly provides for an appeal from an order statistically closing a case, *see* NRAP 3A(b) (designating the judgments and orders from which an appeal may be taken), however if the order constitutes a final judgment, then it is substantively appealable under NRAP 3A(b)(1) (permitting an appeal from a final judgment in a civil action). The finality of an order or judgment depends on "what the order or judgment actually *does*, not what it is called." *Valley Bank of Nev.*, 110 Nev. at 445, 874 P.2d at 733. To be final, an order or judgment must "dispose[ ] of all the issues presented in the case, and leave[ ] nothing for the future consideration of the court, except for post-judgment issues such as attorney's fees and costs." *Lee v. GNLV Corp.*, 116 Nev. 424, 426, 996 P.2d 416, 417 (2000). Thus, we look to the text of the order statistically closing Brown's case to determine whether the order renders a final, appealable judgment.

The order statistically closing the underlying case is a form that, like a standard district court order, contains at the top of the page a heading identifying the court and the county, the case caption, and the case number and department. The body of the order has a title and instructs the court clerk to statistically close the case for a variety of reasons:

## CIVIL ORDER

## TO STATISTICALLY CLOSE CASE

Upon review of this matter and good cause appearing,

IT IS HEREBY ORDERED that the Clerk of the Court is hereby directed to statistically close this case for the following reason:

### DISPOSITIONS:

☐ Voluntary Dismissal

☐ Transferred (before/during trial)

☐ Involuntary (statutory) Dismissal

☐ Judgment on Arbitration Award

☐ Stipulated Dismissal

☑ Stipulated Judgment

☐ Default Judgment

☐ Motion to Dismiss (by Defendant)

☐ Summary Judgment

☐ Non-Jury (bench) Trial

☐ Jury Trial

At the bottom of the form order is the date the order was entered and the district court judge's signature. The order contains no other language or directives. Drawing from its language, the only effect of the challenged order at issue in this case is that the district court clerk has been directed to statistically close the case based on the reason indicated by the checked box—"Stipulated Judgment."

The language of the order seems to anticipate that a disposition in the case has already been entered and that the previous entry of such a disposition forms the basis for the statistical closure of the

case. But Brown still disputes the validity of the settlement agreement ordered by the district court. And neither of the district court orders entered before the order statistically closing the case—the order granting respondent's motion to enforce the disputed settlement and the order granting respondent's motion to deposit the settlement proceeds—entered judgment in favor of any party or otherwise resolved Brown's claims. As a result, these determinations do not constitute final, appealable judgments. *See Valley Bank of Nev.*, 110 Nev. at 446, 874 P.2d at 733-34 (concluding that the district court's order approving a settlement agreement was not a final, appealable judgment because the parties' claims were not dismissed or otherwise resolved); *St. Louis Union Station Holdings, Inc. v. Discovery Channel Store, Inc.*, 272 S.W.3d 504, 505 (Mo. Ct. App. 2008) (noting that an order granting a motion to enforce a settlement agreement becomes final and appealable only after a judgment on the settlement is entered and the case is dismissed); *see also Resnick v. Valente*, 97 Nev. 615, 615-16, 637 P.2d 1205, 1205 (1981) (considering an appeal from an order granting a motion to enforce a settlement agreement where a judgment was also entered pursuant to the motion). Thus, it appears that there was no final judgment or disposition in Brown's case below to provide the basis for statistically closing the case in accordance with the listed dispositions.[1]

For the foregoing reasons, the order Brown challenges cannot be construed as a final, appealable judgment within the ambit of NRAP

---

[1]Because the order only serves to direct the statistical closure of a case rather than to resolve any claims pending in that case, our conclusion would be the same had the district court checked the box indicating that the basis for the statistical closure was a voluntary, involuntary, or stipulated dismissal or a default or summary judgment.

3A(b)(1). *See Morton Int'l, Inc. v. A.E. Staley Mfg. Co.*, 460 F.3d 470, 481-82 (3d Cir. 2006) (determining that "[a]n order reciting that no further action is contemplated and directing the clerk to mark the case closed does not become final for purposes of appellate jurisdiction merely by reason of the execution of that order and its entry on the docket"); *Delgrosso v. Spang & Co.*, 903 F.2d 234, 236 (3d Cir. 1990) (considering an appeal from an order that directed the clerk of the court to "mark the above captioned case closed" but noting that "[n]othing contained in this order shall be considered a dismissal or disposition of th[e] matter" and concluding that the order was not final for appellate purposes). As no other statute or court rule provides for an appeal from such an order statistically closing a case, this court lacks jurisdiction to consider this appeal, and it must therefore be dismissed. *Taylor Constr. Co.*, 100 Nev. at 209, 678 P.2d at 1153.

Once the district court formally resolves the underlying case by entering a judgment or order that finally and completely resolves Brown's claims based on its prior order enforcing the settlement agreement,[2] if aggrieved, Brown may appeal from that disposition to this court. *See Lee*, 116 Nev. at 426, 996 P.2d at 417; *Valley Bank of Nev.*, 110 Nev. at 446, 874 P.2d at 733-34. Further, Brown will be able to challenge in the context of that appeal the interlocutory orders entered in the underlying matter, including the orders granting respondent's motions to

---

[2]Because we conclude that we lack jurisdiction over this appeal, we do not reach the merits of Brown's argument disputing the validity of the settlement.

enforce the settlement agreement and to deposit the settlement proceeds. *See Consol. Generator-Nev., Inc. v. Cummins Engine Co.*, 114 Nev. 1304, 1312, 971 P.2d 1251, 1256 (1998) (explaining that interlocutory orders may be challenged when appealing a final judgment).

_____, J.
Gibbons

We concur:

_____, C.J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta