# IN THE SUPREME COURT OF THE STATE OF NEVADA

WYKOFF NEWBERG CORPORATION,
A NEVADA CORPORATION; AND
INTERNATIONAL SMELTING
COMPANY,

Appellants,

vs.

THE STATE OF NEVADA,
DEPARTMENT OF
TRANSPORTATION,

Respondent.

No. 74022



FILED

FEB 26 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER DISMISISNG APPEAL*

This is an appeal from a district court order enforcing a settlement agreement in an action for eminent domain. Eighth Judicial District Court, Clark County; David M. Jones, Judge.

Because the order appealed from does not enter a final judgment on the original claims, and an order granting a motion to enforce a settlement agreement is not a final order appealable under NRAP 3A(b)(1), this court entered an order to show cause directing appellants to demonstrate this court's jurisdiction. *See Brown v. MHC Stagecoach*, 129 Nev. 343, 345, 301 P.3d 850, 851 (2013). Appellants have responded and argue that the settlement agreement, coupled with the 2012 order of occupancy providing that the subject property is being used for a public purpose and stating that acceptance of $1,290,000 by appellants would constitute a waiver of all defenses "except as to compensation," effectively resolved all the claims. We disagree.

Under NRAP 3A(b)(1), an order is appealable as final when it "disposes of all the issues presented in the case, and leaves nothing for the future consideration of the court, except for post-judgment issues such as

SUPREME COURT
OF
NEVADA

(O) 1947A

18-07379

attorney's fees and costs." *Lee v. GNLV Corp.*, 116 Nev. 424, 426, 996 P.2d 416, 417 (2000). When the parties settle an action by agreement, "matters potentially remain for the district court's consideration," "[u]ntil a stipulation to dismiss [the] action is signed and filed in the trial court, or until [the] entire case is resolved by some other final, dispositive ruling." *Valley Bank of Nevada v. Ginsburg*, 110 Nev. 440, 446, 874 P.2d 729, 733 (1994) (noting that the district court's order approving a settlement agreement was interlocutory, since the claims were not dismissed or otherwise finally resolved); *cf.* NRS 17.115 (explaining that, after a party, accepts an offer of judgment, either a judgment must be entered or the case must be dismissed). We therefore conclude that we lack jurisdiction, and we

ORDER this appeal DISMISSED.

_____, J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

cc:    Hon. David M. Jones, District Judge
Ara H. Shirinian, Settlement Judge
A.M. Santos Law, Chtd.
Law Offices of Byron Thomas
Attorney General/Carson City
Attorney General/Transportation Division/Carson City
Attorney General/Transportation Division/Las Vegas
Sylvester & Polednak, Ltd.
Eighth District Court Clerk