# IN THE SUPREME COURT OF THE STATE OF NEVADA

JJND ENTERPRISES, LLC,
                  Appellant,
vs.
BANK OF AMERICA, N.A.,
                  Respondent.

No. 73988

**FILED**

APR 16 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK



## *ORDER DISMISSING APPEAL*

This is an appeal from a district court order granting a motion to enforce a settlement agreement. Eighth Judicial District Court, Clark County; Ronald J. Israel, Judge.

When our initial review of the docketing statement and documents before this court revealed a potential jurisdictional defect, we ordered appellant to show cause why this appeal should not be dismissed for lack of jurisdiction. Specifically, it appeared that the challenged order was not substantively appealable because an order granting a motion to enforce a settlement agreement is not a final judgment appealable under NRAP 3A(b)(1) where, as here, the order does not enter judgment in favor of a party or resolve any claims. *See Brown v. MHC Stagecoach*, 129 Nev. 343, 346-47, 301 P.3d 850, 852 (2013). We also noted that the order was not amenable to certification under NRCP 54(b) because it did not remove any party from the litigation. *See* NRCP 54(b).

In response to our order, the parties assert that the order is appealable as a final judgment under NRAP 3A(b)(1) because pursuant to that order, all parties are removed from the litigation and all remaining claims adjudicated. Alternatively, the parties request an extension of time

18-14405

to obtain an order from the district court certifying the challenged order as final under NRCP 54(b).

As indicated in *Brown*, 129 Nev. at 346-47, 301 P.3d at 852, and stated in our order to show cause, an order granting a motion to enforce a settlement agreement is not appealable as a final judgment where the order does not enter judgment in favor of a party or otherwise resolve any claims. The order challenged in this appeal finds that a valid, enforceable settlement agreement existed and grants the motion to enforce settlement. It does not enter judgment in favor of any party or otherwise resolve any claims. Accordingly, the order is not appealable as a final judgment. *See Lee v. GNLV Corp.*, 116 Nev. 424, 426, 996 P.2d 416, 417 (2000) (a final judgment is one that resolves all issues in a case and leaves nothing for the court's future consideration except post-judgment issues). Further, the order is not amenable to certification under NRCP 54(b) because it does not resolve all the claims of any party to the litigation. *See* NRCP 54(b); *Taylor Constr. Co. v. Hilton Hotels Corp.*, 100 Nev. 207, 209, 678 P.2d 1152, 1153 (1984) (stating that "NRCP 54(b) certification is not available to provide interlocutory appellate review of an order which does not constitute a final adjudication of fewer than all claims or the rights and liabilities of fewer than all the parties in an action").

As it does not appear that any other order resolves the complaint and counterclaims asserted in this action, or that any statute or court rule allows an appeal from the order enforcing a settlement agreement, *see Brown*, 129 Nev. at 345, 301 P.3d at 851 (this court may only consider appeals that are authorized by statute or court rule), we conclude that we lack jurisdiction over this appeal, and dismiss this appeal. The

parties' motion for an extension of time to obtain an order certifying the challenged order as final under NRCP 54(b) is denied.

It is so ORDERED.

_____ Pickering _____ , J.
Pickering

_____ Gibbons _____ J.
Gibbons

_____ Hardesty _____ , J.
Hardesty

cc:    Hon. Ronald J. Israel, District Judge
Joseph Y. Hong
Akerman LLP/Las Vegas
Eighth District Court Clerk