# IN THE SUPREME COURT OF THE STATE OF NEVADA

BRANDON PAUL SAITER,
                 Appellant,

vs.

TINA MARIE SAITER,
                 Respondent.

No. 72819

FILED

MAY 02 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
    DEPUTY CLERK

## ORDER DISMISSING APPEAL

This is an appeal from a district court order granting in part and denying in part a motion under NRCP 60(a), denying a motion for an order to show cause regarding contempt, and vacating an order prohibiting dissemination of case material. Eighth Judicial District Court, Family Court Division, Clark County; Jennifer Elliott, Judge.

When our initial review of the docketing statement and documents before this court revealed that the challenged order may not be substantively appealable, we ordered appellant to show cause why this appeal should not be dismissed for lack of jurisdiction. Appellant has filed a response and respondent has filed a reply.[1]

This court has jurisdiction to consider an appeal only when the appeal is authorized by statute or court rule. *Brown v. MHC Stagecoach,*

---

[1]No cause appearing, appellant's motion to file a response to respondent's reply is denied. The clerk shall detach the response from the motion filed on November 6, 2017, and return it unfiled.

18-16614

*LLC*, 129 Nev. 343, 345, 301 P.3d 850, 851 (2013). No statute or court rule appears to authorize an appeal from an order vacating an order prohibiting dissemination of case material or from an order denying a motion under NRCP 60(a). Further, a contempt order that is ancillary to another proceeding is not independently appealable. *Pengilly v. Rancho Santa Fe Homeowner Ass'n*, 116 Nev. 646, 5 P.3d 569 (2000). Although appellant asserts that the order is appealable as a special order after final judgment, *see* NRAP 3A(b)(8), he does not demonstrate that the order affects his rights arising from the final judgment (the divorce decree), *see Gumm v. Mainor*, 118 Nev. 912, 914, 59 P.3d 1220, 1221 (2002) (defining an appealable special order after final judgment as an order that "affect[s] the rights of some party to the action, growing out of the judgment previously entered. It must be an order affecting rights incorporated in the judgment"). The order prohibiting dissemination of case material was entered on October 6, 2016, prior to the entry of the divorce decree on December 28, 2016. However, the order does not resolve any portion of the complaint for divorce, and the divorce decree does not incorporate the October 6, 2016, order. Thus, the order vacating the October 6, 2016, order does not affect appellant's rights incorporated in the final judgment.

Appellant also seems to assert that the order is appealable because the issues presented are of public importance and "susceptible to repetition but evading review." The nature of the issues raised in an appeal does not confer jurisdiction; rather, jurisdiction must be established by statute or court rule with reference to what the order does. *See Brown*, 129 Nev. at 345, 301 P.3d at 851. We decline appellant's request to treat the notice of appeal as a petition for an original writ. If appellant's counsel determines that pursuit of an original writ petition with this court is proper,

appellant may file a petition in this court in compliance with NRAP 21. We conclude that we lack jurisdiction over this appeal and we

ORDER this appeal DISMISSED.[2]

_____ , J.
Cherry

_____ , J.
Parraguirre

_____ , J.
Stiglich

cc:  Hon. Jennifer Elliott, District Judge, Family Court Division
Ara H. Shirinian, Settlement Judge
Willick Law Group
Louis C. Schneider, LLC
Eighth District Court Clerk

---

[2]We decline respondent's requests to award sanctions and attorney fees and to refer this matter to the State Bar of Nevada.