# IN THE SUPREME COURT OF THE STATE OF NEVADA

TRS SVC AS TRUSTEE FOR 322 EVAN PICONE TRUST,
Appellant,

vs.

BANK OF AMERICA, N.A., AS SUCCESSOR BY MERGER TO BANK OF AMERICA HOME LOANS SERVICING LP, F/K/A COUNTRYWIDE HOME LOANDS SERVICING LP,
Respondent.

No. 73289

FILED

JUL 0 2 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER DISMISSING APPEAL

This is an appeal from a district court order granting a motion for summary judgment. Eighth Judicial District Court, Clark County; Timothy C. Williams, Judge.

We previously entered several orders directing appellant to show cause why this appeal should not be dismissed for lack of jurisdiction. We explained that it did not appear that a final judgment had been entered by the district court such that this court had jurisdiction under NRAP 3A(b)(1) because respondent's claims for unjust enrichment appeared to remain outstanding. Further, the district court's amended order purporting to certify the challenged order as final under NRCP 54(b) was improper because it did not contain an express direction for the entry of judgment. *See* NRCP 54(b) (providing that the district court may certify a judgment as final "*only* upon an express determination that there is no just reason for

18-24898

delay *and* upon an express direction for the entry of judgment") (emphasis added); *Aldabe v. Evans*, 83 Nev. 135, 425 P.2d 598 (1967).

In our April 19, 2018, order we specifically directed appellant to provide a copy of any district court order properly certifying the challenged order as final under NRCP 54(b). Alternatively, as it appeared that a March 9, 2018, order may have resolved some or all of the outstanding claims, we directed appellant to address whether that order constitutes a final judgment and, if so, specifically demonstrate how the order resolves the unjust enrichment claims. We cautioned appellant that given the numerous opportunities we afforded to cure the jurisdictional defect, failure to demonstrate that this court has jurisdiction would result in the dismissal of this appeal.

In response, appellant states that a May 9, 2018, order resolves the unjust enrichment claims "through a grant of summary judgment in favor of Rancho Galleria homeowners' Association . . ." Attached to an errata to the response is a copy of the March 9, 2018, order. Appellant does not explain how the order resolves the unjust enrichment claim against Nevada Association Services. Our review of the order reveals that it does not resolve or render moot the unjust enrichment claims against Nevada Association Services (NAS). It thus appears that this claim remains pending in the district court.

Because the claim against NAS appears to remain pending in the district court and the district court has not entered an order properly certifying the challenged order as final under NRCP 54(b), we do not have jurisdiction to consider this appeal under NRAP 3A(b)(1). And it does not appear that any other statute or court rule allows an appeal from the challenged order. *See Brown v. MHC Stagecoach*, 129 Nev. 343, 345, 301

P.3d 850, 851 (2013) (this court "may only consider appeals authorized by statute or court rule"). Accordingly, we lack jurisdiction and we ORDER this appeal DISMISSED.[1]

_____Cherry_____, J.
Cherry

_____, J.
Parraguirre

_____Stiglich_____, J.
Stiglich

cc:   Hon. Timothy C. Williams, District Judge
      The Law Office of Mike Beede, PLLC
      Akerman LLP/Las Vegas
      Eighth District Court Clerk

---

[1]Appellant may file a new notice of appeal once the district court enters a final judgment or an order properly certifying the challenged summary judgment order as final under NRCP 54(b).