# IN THE SUPREME COURT OF THE STATE OF NEVADA

HARLEY G. SCHALESKY, AN INDIVIDUAL,

Appellant,

vs.

ATTENTUS PROVIDER GROUP, LLC, A NEVADA LIMITED LIABILITY COMPANY,

Respondent.

No. 74817



JUL 0 2 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____ S. Young _____
DEPUTY CLERK

## *ORDER DISMISSING APPEAL*

This is an appeal from findings of fact and conclusions of law entered in a breach of contract action. Eighth Judicial District Court, Clark County; James Crockett, Judge.

We previously entered an order directing appellant to show cause why this appeal should not be dismissed for lack of jurisdiction because it appeared that the district court had not yet entered a final judgment appealable under NRAP 3A(b)(1). Specifically, it appeared that appellant's third-party complaint remained pending in the district court. In response to our order, appellant asserts that this court has jurisdiction because the district court certified its judgment as final under NRCP 54(b).[1]

The district court's purported certification is improper because it does not make an express determination that there is no just reason for delay and does not direct entry of judgment. *See* NRCP 54(b) ("[T]he court may direct the entry of a final judgment as to one or more but fewer than all of the parties only upon an express determination that there is no just

---

[1]At the time we entered our order to show cause, appellant was represented by counsel. Appellant's counsel subsequently withdrew and appellant filed the response in pro se.

reason for delay and upon an express direction for the entry of judgment."); *Hern v. Erhardt*, 113 Nev. 1330, 1334 n.4, 948 P.2d 1195, 1198 n.4 (1997); *Aldabe v. Evans*, 83 Nev. 135, 425 P.2d 598 (1967). As the third-party complaint appears to remain pending in the district court and the purported certification under NRCP 54(b) is improper, the challenged order is not appealable as a final judgment under NRAP 3A(b)(1). *See Lee v. GNLV Corp.*, 116 Nev. 424, 426, 996 P.2d 416, 417 (2000) (defining a final judgment). Further, no other statute or court rule appears to allow an appeal from the challenged order. *See Brown v. MHC Stagecoach*, 129 Nev. 343, 345, 301 P.3d 850, 851 (2013) (recognizing that this court "may only consider appeals authorized by statute or court rule"). Accordingly, we conclude that we lack jurisdiction, and we

ORDER this appeal DISMISSED.

_____, J.
Cherry

_____, J.
Parraguirre

_____, J.
Stiglich

cc: Hon. James Crockett, District Judge
Thomas J. Tanksley, Settlement Judge
Harley G. Schalesky
Marquis Aurbach Coffing
Eighth District Court Clerk