# IN THE SUPREME COURT OF THE STATE OF NEVADA

JASON L. LOPEZ, AN INDIVIDUAL,
Appellant,
vs.
CAMERON ASHLEY GONZALES, AN INDIVIDUAL; DANA MCCLANAHAN, AN INDIVIDUAL; AND ROBERT NELSON, AN INDIVIDUAL,
Respondents.

No. 74886

FILED

JUL 09 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER DISMISSING APPEAL

This is an appeal from a district court order denying a motion for leave to file a motion for spoliation of evidence, a motion for contempt of court, and a motion to supreme court for stay pending appeal. Eighth Judicial District Court, Clark County; Mark R. Denton, Judge.

When our initial review of the docketing statement and documents before this court revealed a potential jurisdictional defect, we ordered appellant to show cause why this appeal should not be dismissed for lack of jurisdiction. Specifically, it appeared that the challenged order is not appealable as a final judgment under NRAP 3A(b)(1) because it does not resolve any claims in the underlying litigation. *See Lee v. GNLV Corp.*, 116 Nev. 424, 426, 996 P.2d 416, 417 (2000) (defining a final judgment). Although subsequent district court orders resolved the majority of the claims in the complaint, it appeared that Robert Nelson's claim for intentional infliction of emotional distress remained pending. Further, it did not appear that any statute or court rule authorizes an appeal from an interlocutory order denying a motion for leave to file documents. *See Brown*

18-25780

*v. MHC Stagecoach*, 129 Nev. 343, 345, 301 P.3d 850, 851 (2013) ("[W]e may only consider appeals authorized by statute or court rule.).

In response to our order, appellant first contends that the order is appealable under NRAP 3A(b)(3) because it is effectively an order refusing to dissolve an injunction. This contention lacks merit. Appellant was declared to be a vexatious litigant in another district court case. The vexatious litigant order precluded appellant from filing any papers involving respondents and others in the Eighth Judicial District Court without prior leave of the court.[1] Appellant argues that the vexatious litigant order was an injunction and the challenged order refusing to allow appellant to file documents pursuant to that injunction is effectively an order refusing to dissolve the injunction. However, a vexatious litigant order is not an injunction appealable under NRAP 3A(b)(3). *Peck v. Crouser*, 129 Nev. 120, 124, 295 P.3d 586, 588 (2013). Thus, an order disallowing the filing of documents pursuant to the vexatious litigant order cannot be construed as an order denying a motion to dissolve an injunction.

Appellant next seems to assert that the order is appealable as a final judgment despite the outstanding claim. He also suggests that this court has jurisdiction because the challenged order "has irreparabl[y] impacted" his ability to defend himself and consideration of the order will promote judicial economy and avoid piecemeal review. As appellant appears to concede, it appears that not all claims asserted by Nelson have been resolved by the district court. Thus, there is no appealable final judgment. And no other statute or court rule appears to authorize an appeal from an interlocutory order denying a motion for leave to file documents.

---

[1]This order was appealed in Docket No. 73418.

*See Brown*, 129 Nev. at 345, 301 P.3d at 851. Accordingly, it appears that we lack jurisdiction and we

ORDER this appeal DISMISSED.

_____, J.
Pickering

_____ J.
Gibbons

_____, J.
Hardesty

cc:     Hon. Mark R. Denton, District Judge
        Jason L. Lopez
        Maningo Law
        Eighth District Court Clerk