# IN THE SUPREME COURT OF THE STATE OF NEVADA

DENVER THOMAS; AND JOYCE THOMAS,

Appellants,

vs.

JEFF VEASLEY,

Respondent.

No. 75907

FILED

OCT 19 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER DISMISSING APPEAL

This is a pro se appeal from an arbitration award.  Second Judicial District Court, Washoe County; Barry L. Breslow, Judge.

Our review of the notice of appeal, docketing statement, and documents before this court reveals a jurisdictional defect.  The order challenged on appeal is not substantively appealable.  Nevada Arbitration Rules (NAR) 19(a) requires that an arbitration award be submitted to the district court for signature and then filed with the clerk.  A judgment entered under NAR 19 has the same force and effect as a final judgment but may be appealed only if the district court entered an interlocutory order that disposed of a part of the action.  Review on appeal is limited to the interlocutory order; the issues determined in the arbitration will not be considered.  NAR 19(B).

In this case, it does not appear that the district court has signed any judgment on the arbitration award or that any judgment was then filed in the district court, under either the arbitration docket number or the district court case number.[1]  Further, it does not appear that the district

---

[1]A document entitled "Acceptance of Arbitration Award" was filed under the arbitration case number on May 10, 2018.  Although this

18-41213

court entered any interlocutory order disposing of a portion of the action. Accordingly, no judgment appealable under NAR 19 has been entered. To the extent appellants contend that the arbitration award is appealable as a final judgment under NRAP 3A(b)(1), the award is not an order of the district court and thus not appealable under NRAP 3A. *See* NRAP 3A(b) (allowing appeals from the listed district court judgments and orders). Because it does not appear that any other statute or court rule allows an appeal from an arbitration award, *see Brown v. MHC Stagecoach*, 129 Nev. 343, 345, 301 P.3d 850, 851 (2013) we conclude that we lack jurisdiction, and we

ORDER this appeal DISMISSED.

_____Cherry_____, J.
Cherry

_____Parraguirre_____, J.
Parraguirre

_____Stiglich_____, J.
Stiglich

cc:  Hon. Barry L. Breslow, District Judge
Denver Thomas
Joyce Thomas
The Law Offices of Charles R. Zeh, Esq.
Washoe District Court Clerk

---

document is signed by a district court judge, it does not award judgment on the arbitration award. Instead, it states that the prevailing party may submit a final judgment to the "arbitration judge" for review.

