# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE W.N. CONNELL AND MARJORIE T. CONNELL LIVING TRUST, DATED MAY 18, 1972, AN INTER VIVOS IRREVOCABLE TRUST.

ELEANOR CONNELL HARTMAN AHERN,
Appellant,
vs.
FREDERICK P. WAID,
Respondent.

No. 75593



FILED

NOV 15 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S.Young
DEPUTY CLERK

## *ORDER DISMISSING APPEAL IN PART AND AFFIRMING IN PART*

This is a pro se appeal from a district court order denying appellant Eleanor Connell Hartman Ahern's request for a trust distribution and appointing a guardian ad litem. Eighth Judicial District Court, Clark County; Gloria Sturman, Judge.[1]

Ahern moved for a distribution of $100,000 of trust assets to retain counsel. The trustee opposed the motion and countermoved for the appointment of a guardian ad litem. The district court held a hearing during which it asked why Ahern needed to retain counsel. Finding that Ahern could not identify any pending or prospective litigation for which she needed counsel, the district court denied Ahern's request. The district court further determined that Ahern's best interests regarding the trust

---

[1]Having considered the pro se brief filed by appellant, we conclude that a response is not necessary, NRAP 46A(c), and that oral argument is not warranted, NRAP 34(f)(3). This appeal therefore has been decided based on the pro se brief and the record. *Id.*

18-904412

administration would be served by appointing a guardian ad litem, as recommended by the trustee.

Ahern challenges the district court's denial of her motion to distribute trust assets. We review a district court's order regarding the administration of trust assets for a clear abuse of discretion. *Hannam v. Brown*, 114 Nev. 350, 362, 956 P.2d 794, 802 (1998). Ahern has shown no clear abuse of discretion, such as a decision that is based on an erroneous factual determination or that disregards controlling law. *See LVMPD v. Blackjack Bonding, Inc.*, 131 Nev. 80, 89, 343 P.3d 608, 614 (2015) (holding that the district court abuses its discretion when its decision rests "on a clearly erroneous factual determination or disregards controlling law"). And the trust's terms do not give Ahern unfettered access to undistributed trust assets; rather, it empowers the trustee to manage the trust and limits extraordinary distributions to meeting emergency needs as determined by the trustee. We affirm the district court's order denying Ahern's motion for a distribution of trust assets.

Ahern also challenges the district court's decision to appoint a guardian ad litem, observing that she is neither a minor nor incompetent to manage her affairs. Our review reveals a jurisdictional defect. This court has jurisdiction to consider an appeal only where the appeal is authorized by statute or court rule. *Brown v. MHC Stagecoach, LLC*, 129 Nev. 343, 345, 301 P.3d 850, 851 (2013). While NRS 159.375(9) allows an appeal from an order granting or denying a petition to remove a guardian or appoint a successor guardian, no statute or court rule provides for an appeal from an order appointing a guardian ad litem, and the district court's order is not otherwise appealable as an enumerated determination or a final judgment. *See* NRS 159.033; NRAP 3A(b) (setting forth orders and judgments from

(O) 1947A

which an appeal may be taken); *Brown*, 129 Nev. at 345, 301 P.3d at 851 (discussing when a judgment is "final"). As we lack jurisdiction, we dismiss this part of Ahern's appeal.[2]

Accordingly, we

ORDER this appeal DISMISSED in part and the district court's order AFFIRMED in part.

_____, J.
Cherry

_____, J.
Parraguirre

_____, J.
Stiglich

cc: Hon. Gloria Sturman, District Judge
Eleanor Connell Hartman Ahern
Hutchison & Steffen, LLC/Las Vegas
Eighth District Court Clerk

---

[2]Even if we were to construe this portion of Ahern's appeal as an original petition for writ relief, *see Yu v. Yu*, 133 Nev., Adv. Op. 90, 405 P.3d 639, 640 (2017), the record clearly shows that the district court did not exercise its discretion in an arbitrary or capricious manner or act in excess of its jurisdiction when it appointed a guardian ad litem, such that writ relief would not be warranted, *see* NRS 34.160; NRS 34.320; NRS 159.0455(1)(a); *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008); *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991).