# IN THE SUPREME COURT OF THE STATE OF NEVADA

EDWARD KIELTY TRUST, A NEVADA TRUST,

Appellant,

vs.

NATIONSTAR MORTGAGE, LLC, A FOREIGN LIMITED LIABILITY COMPANY; AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., A/K/A "MERS", A DELAWARE CORPORATION,

Respondents.

No. 74508



FILED

JAN 3 1 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER DISMISSING APPEAL*

This is an appeal from a district court order, entered in consolidated cases, granting a motion for summary judgment. Eighth Judicial District Court, Clark County; Tierra Danielle Jones, Judge.

When initial review of the docketing statement and documents before this court revealed a potential jurisdictional defect, this court ordered appellant to show cause why this appeal should not be dismissed for lack of jurisdiction. It appeared that appellant's claims against Jason Pan and Aurora Loan Services, LLC, as well as its slander of title claim against respondent Nationstar Mortgage, remained pending in district court case A-14-707475-C. It also appeared that the interpleader complaint in district court case A-14-706519-C remained unresolved. It thus appeared that no final judgment appealable under NRAP 3A(b)(1) had been entered. *See Lee v. GNLV, Corp.*, 116 Nev. 424, 426, 996 P.2d 416, 417 (2000); *Mallin v. Farmers Ins. Exch.*, 106 Nev. 606, 609, 797 P.2d 978, 980 (1990). In responses to our order, appellant conceded that these claims remained pending and requested additional time to obtain orders resolving the claims.

SUPREME COURT
OF
NEVADA

(O) 1947A

19-04934

Appellant then submitted a copy of an amended district court order entered on October 31, 2018.

Since issuance of the order to show cause, this court overruled precedent requiring that all claims in consolidated district court cases be resolved before a judgment is considered final; resolution of all claims in one of two consolidated cases now constitutes a final judgment. *In re Estate of Sarge*, 134 Nev., Adv. Op. 105, ___ P.3d ___ (2018). Nevertheless, it still appears that the district court has not entered an appealable order in either constituent case.

The district court's October 31, 2018, amended order stays the interpleader action in case A-14-706519-C. It does not appear, and appellant does not assert, that any other district court order resolves the interpleader complaint. It thus appears that no final judgment appealable under NRAP 3A(b)(1) has been entered in case A-14-706519-C. *See Lee v. GNLV Corp.*, 116 Nev. 424, 426, 996 P.2d 416, 417 (2000) (defining a final judgment). Further, no other statute or court rule appears to allow an appeal from an order staying an interpleader action. *Brown v. MHC Stagecoach, LLC*, 129 Nev. 343, 345, 301 P.3d 850, 851 (2013) (this court "may only consider appeals authorized by statute or court rule"). Accordingly, this court lacks jurisdiction over the appeal in case A-14-706519-C.

It appears, and appellant does not dispute, that appellant's claims in case A-14-707475-C against Jason Pan and Aurora Loan Services, LLC remain pending, as does appellant's claim against Nationstar Mortgage, LLC for slander of title. Although the October 31, 2018, amended order purports to contain a certification of finality under NRCP 54(b), the certification is improper because the order does not remove any party from

the district court action. *See* NRCP 54(b) and Drafter's Note—2004 Amendment. It thus appears that the district court has not entered a final judgment appealable under NRAP 3A(b)(1) in case A-14-707475-C. And no other statute or court rule appears to allow an appeal from the challenged order. *See Brown*, 129 Nev. at 345, 301 P.3d at 851. Accordingly, this court lacks jurisdiction over the appeal in case A-14-707475-C and

ORDERS this appeal DISMISSED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Cadish

cc: Hon. Tierra Danielle Jones, District Judge
William C. Turner, Settlement Judge
Ayon Law, PLLC
Akerman LLP/Las Vegas
Eighth District Court Clerk