# IN THE SUPREME COURT OF THE STATE OF NEVADA

NV EAGLES, LLC, A NEVADA
LIMITED LIABILITY COMPANY,
                Appellant,
        vs.
THE BANK OF NEW YORK MELLON,
F/K/A THE BANK OF NEW YORK, AS
TRUSTEE FOR CERTIFICATE
HOLDERS OF CWALT, INC.,
ALTERNATIVE LOAN TRUST 2007-20;
AND MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,
                Respondents.

No. 77676



FILED

JUL 09 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
    DEPUTY CLERK

## ORDER DISMISSING APPEAL

This is an appeal from a district court order granting motion for summary judgment in a quiet title action. Eighth Judicial District Court, Clark County; Nancy L. Allf, Judge.

When this court's initial review of the docketing statement and documents before this court revealed a potential jurisdictional defect, this court ordered appellant to show cause why this appeal should not be dismissed for lack of jurisdiction. Specifically, it appeared that the claims of respondent Bank of New York Mellon (BONY) against SFR, Majestic Hills Community Association, and Alessi & Koenig remained pending in the district court.

In response to the order, appellant asserts that these claims were pleaded in the alternative and rendered moot by the summary judgment order confirming that the deed of trust remained a valid encumbrance. However, even assuming that BONY's claims against Majestic Hills Community Association, and Alessi & Koenig were rendered

SUPREME COURT
OF
NEVADA

(O) 1947A

19-29169

moot, appellant fails to demonstrate that BONY's claims against SFR have been resolved. BONY's claims against SFR were not pleaded in the alternative. And the August 8, 2018, summary judgment order does not confirm that BONY's deed of trust remains valid against SFR. It is noted that appellant's August 22, 2018, motion to alter or amend specifically argued that the summary judgment order should be amended because it did not address whether the first foreclosure (pursuant to which SFR obtained title) extinguished the deed of trust. The district court seemed to agree with this assessment when it granted in part the motion to alter or amend.[1] Under these circumstances, appellant fails to demonstrate that BONY's claims have been fully resolved and that the August 8, 2018, order constitutes a final judgment appealable under NRAP 3A(b)(1). *See Lee v. GNLV Corp.*, 116 Nev. 424, 426, 996 P.2d 416, 417 (2000) (defining a final judgment). As no other statute or court rule appears to authorize this appeal, *see Brown v. MHC Stagecoach, LLC*, 129 Nev. 343, 345, 301 P.3d 850, 851 (2013) (this court "may only consider appeals authorized by statute or court rule"), it appears that this court lacks jurisdiction and

ORDERS this appeal DISMISSED.

_____ , J.
Pickering

_____ , J.
Parraguirre

_____ , J.
Cadish

---

[1]The district court's order granting in part the motion to alter or amend contemplates the entry of amended findings of fact and conclusions of law to address an additional issue. To date, it does not appear that any amended findings of fact and conclusions of law has been entered.

SUPREME COURT
OF
NEVADA

(O) 1947A

cc: Hon. Nancy L. Allf, District Judge
Hong & Hong
Akerman LLP/Las Vegas
Eighth District Court Clerk