# IN THE SUPREME COURT OF THE STATE OF NEVADA

SHAHEEN W. AHMAD,
                Appellant,
vs.
LU LIU; AND CHANGZAI REN,
INDIVIDUALLY AND SEVERALLY,
                Respondents.

No. 78257

FILED

NOV 18 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
      DEPUTY CLERK

## ORDER DISMISSING APPEAL

This is an appeal from a district court order denying a motion to enforce a settlement agreement and a motion to extend time to serve the summons and complaint. Eighth Judicial District Court, Clark County; Kenneth C. Cory, Judge.

It appears from the documents before this court that appellant filed a complaint in justice court. The parties then engaged in settlement negotiations, after which appellant filed a notice of voluntary dismissal of the complaint against respondent Liu. However, appellant subsequently filed a withdrawal of the voluntary dismissal and a motion to enforce negotiated settlement. Respondents filed a counterclaim and the case was transferred to the district court. Appellant filed another motion to enforce settlement as well as a motion to extend the time to serve respondent Ren. The district court denied the motions and appellant appealed.

This court ordered appellant to show cause why the appeal should not be dismissed for lack of jurisdiction; no statute or court rule appeared to provide for an appeal from an order denying a motion to enforce a settlement agreement and a motion to extend time to serve the summons and complaint. *See Brown v. MHC Stagecoach, LLC*, 129 Nev. 343, 345, 301 P.3d 850, 851 (2013) (this court "may only consider appeals authorized by

19-47088

statute or court rule"). It was also unclear whether the district court's order was appealable as a final judgment. In response, appellant appears to assert that the challenged order fully and finally resolved appellant's assertion that respondent Liu breached a settlement agreement and thus constitutes an appealable final judgment. But appellant also states that the claims in his underlying complaint remained pending when the case was transferred to the district court. And appellant does not dispute that the counterclaims remained pending when the case was transferred.

As no district court order appears to dispose of all the issues in the underlying case, it appears the district court has not entered a final judgment appealable under NRAP 3A(b)(1). *See Lee v. GNLV Corp.*, 116 Nev. 424, 426, 996 P.2d 416, 417 (2000) (defining a final judgment as "one that disposes of all the issues presented in the case, and leaves nothing for the future consideration of the court, except for post-judgment issues such as attorney's fees and costs"); *cf. Valley Bank of Nevada v. Ginsburg*, 110 Nev. 440, 444-46, 874 P.2d 729, 732-34 (1994) (a pre-dismissal order approving a settlement agreement is not a final judgment for purposes of NRAP 3A(b)(1)). No other statute or court rule appears to authorize an appeal from the challenged order. Accordingly, this court

ORDERS this appeal DISMISSED.[1]

_____ , J.
Hardesty

_____ , J.        _____ , J.
Stiglich                              Silver

---

[1]Any aggrieved party may file a new notice of appeal once the district court enters a final judgment.

cc: Hon. Kenneth C. Cory, District Judge
Law Office of Malik W. Ahmad
Changzai Ren
Lu Liu
Eighth District Court Clerk