# IN THE SUPREME COURT OF THE STATE OF NEVADA

|  |  |
|---|---|
| MARCUS A. REIF, AN INCOMPETENT PERSON BY AND THROUGH HIS CONSERVATOR, CINDY REIF, <br>            Appellant, <br>         vs. <br> ARIES CONSULTANTS, INC., A NEVADA CORPORATION, <br>           Respondent. | No. 79067 <br><br> **FILED** <br><br> JAN 06 2020 <br> ELIZABETH A. BROWN <br> CLERK OF SUPREME COURT <br> BY_____ <br> DEPUTY CLERK |

## ORDER DISMISSING APPEAL

This is an appeal from a district court order granting a motion for summary judgment in a negligence action. Eighth Judicial District Court, Clark County; Jerry A. Wiese, Judge.

This court's review of the amended docketing statement revealed a potential jurisdictional defect. It appeared that the challenged district court order was not appealable as a final judgment under NRAP 3A(b)(1) because appellant's claims against Edgewater Gaming, LLC and Gillett Construction, LLC remained pending in the district court. Accordingly, this court ordered appellant to show cause why this appeal should not be dismissed for lack of jurisdiction.

In response, appellant acknowledges that claims remain pending in the district court against Edgewater Gaming, LLC and Gillett Construction, LLC, and the challenged order was not certified as final under NRCP 54(b). Appellant nevertheless contends that the order is appealable as a final judgment because there are no remaining claims in the district court against respondent. This contention lacks merit. Where claims remain pending in the district court against other parties, the challenged order is not appealable as a final judgment. *See Lee v. GNLV Corp.*, 116

20-00669

Nev. 424, 426, 996 P.2d 416, 417 (2000) (defining a final judgment as "one that disposes of all the issues presented in the case, and leaves nothing for the future consideration of the court, except for post-judgment issues such as attorney's fees and costs").[1]

Appellant requests, as an alternative to dismissal, that this court allow a 30-day extension of time to seek a NRCP 54(b) certification. More than 30 days has passed since appellant sought leave to obtain a NRCP 54(b) certification and no such certification has been filed in this court. Further, the district court docket entries do not indicate that any motion for certification has been filed in the district court. Accordingly, the motion for an extension of time is denied. This denial does not preclude appellant from seeking NRCP 54(b) certification in the district court, if deemed warranted.

As no final judgment has been entered in the district court and it does not appear that any other statute or court rule allows an appeal from the challenged order, *see Brown v. MHC Stagecoach, LLC*, 129 Nev. 343, 345, 301 P.3d 850, 851 (2013) (this court "may only consider appeals authorized by statute or court rule"), this court lacks jurisdiction and

ORDERS this appeal DISMISSED.

_____, J.
Gibbons

_____, J.
Stiglich

_____, J.
Silver

---

[1]In the order to show cause, this court also disputed appellant's representations in the docketing statement that the order was appealable under NRS 233B.150 or NRS 703.376. Appellant concedes in his response that these statutes are not applicable.

 

cc:   Hon. Jerry A. Wiese, District Judge
      Persi J. Mishel, Settlement Judge
      Napoli Shkolnik, PLLC/Los Angeles
      Glen Lerner Injury Attorneys
      Napoli Shkolnik, PLLC/New York
      Gordon & Rees Scully Mansukhani LLP
      Eighth District Court Clerk