# IN THE SUPREME COURT OF THE STATE OF NEVADA

LAS VEGAS METROPOLITAN POLICE
DEPARTMENT,
Appellant/Cross-Respondent,
vs.
LAS VEGAS REVIEW-JOURNAL,
Respondent/Cross-Appellant,
and
AMERICAN BROADCASTING
COMPANIES, INC.; THE ASSOCIATED
PRESS; CABLE NEWS NETWORK,
INC.; CHESAPEAKE MEDIA I, LLC,
D/B/A KSNV-TV; LOS ANGELES
TIMES COMMUNICATIONS, LLC; THE
NEW YORK TIMES COMPANY;
SCRIPPS BROADCASTING HOLDINGS
LLC, D/B/A KTNV-TV; AND WP
COMPANY LLC D/B/A THE
WASHINGTON POST,
Respondents.

No. 75518

**FILED**

FEB 13 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER DISMISSING APPEAL AND CROSS-APPEAL

This is an appeal and cross-appeal from district court orders directing appellant to disclose records and awarding costs in a public records matter. Eighth Judicial District Court, Clark County; Richard Scotti, Judge.

This court previously ordered appellant and cross-appellant to show cause why this appeal and cross-appeal should not be dismissed for lack of jurisdiction. It appeared that the district court had not yet entered a final judgment appealable under NRAP 3A(b)(1), *see Lee v. GNLV Corp.*, 116 Nev. 424, 426, 996 P.2d 416, 417 (2000) (defining a final judgment); *Valley Bank of Nev. v. Ginsburg*, 110 Nev. 440, 445, 874 P.2d 729, 733 (1994) (explaining that "a final, appealable judgment is one that disposes of the

issues presented in the case . . . and leaves nothing for the future consideration of the court" (internal quotation marks omitted)).

In response, appellant contends that the district court's March 2, 2018, order granting the public records application was a final order because the district court granted respondents' petition for a writ of mandamus. As such, appellant argues the district court's March 9, 2018, order awarding costs was a special order after final judgment. In the alternative, appellant asserts the March 9 order was the final judgment. Specifically, appellant and cross-appellant assert that any issues considered and/or resolved by the district court after the March 9 order were collateral issues to the underlying appeal and cross-appeal.

The March 2 order directed the parties to submit supplemental briefing and the March 9 order set a status check hearing for "lingering issues." Because both orders anticipated future consideration of the underlying issues by the district court, neither order appears to be final. Additionally, just because the March 2 order granted respondents' petition for a writ of mandamus, and such a grant would appear to be a final judgment, this court has to look past the title of the order and determine whether the action was resolved with finality. *See Valley Bank*, 110 Nev. at 444, 874 P.2d at 733 ("This court has consistently looked past labels in interpreting NRAP 3A(b)(1), and has instead taken a functional view of finality, which seeks to further the rule's main objective: promoting judicial economy by avoiding the specter of piecemeal appellate review."). Appellant acknowledges the district court held numerous status checks thereafter, and even addressed what documents needed to be disclosed and when. Further, the district court considered whether appellant needed to disclose evidence logs and provide a certification when it had no responsive

documents. Additionally, it appears from this court's review of the district court docket entries that status checks have been ongoing and no action has been taken to obtain certification of the orders appealed from as final pursuant to NRCP 54(b).

As it does not appear that the district court has entered a final judgment or properly certified any order as final under NRCP 54(b), the challenged orders are not appealable under NRAP 3A(b)(1). And it does not appear that any other statute or court rule authorizes this appeal and cross-appeal. *See Brown v. MHC Stagecoach, LLC*, 129 Nev. 343, 345, 301 P.3d 850, 851 (2013) (this court "may only consider appeals authorized by statute or court rule"). Accordingly, this court lacks jurisdiction and we

ORDER this appeal and cross-appeal DISMISSED.[1]

_____, C.J.
Pickering

_____, J.        _____, J.
Gibbons                              Hardesty

_____, J.        _____, J.
Parraguirre                          Stiglich

_____, J.        _____, J.
Cadish                               Silver

---

[1]In light of this order, we deny the December 20, 2018, motion as moot.

cc: Hon. Richard Scotti, District Judge
Hon. Stefany Miley, District Judge
Lansford W. Levitt, Settlement Judge
Marquis Aurbach Coffing
Ballard Spahr LLP/Las Vegas
McLetchie Law
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A