# IN THE SUPREME COURT OF THE STATE OF NEVADA

LN MANAGEMENT LLC, SERIES 7801
WHITE GRASS,
                Appellant,
        vs.
WELLS FARGO BANK, N.A.,
                Respondent.

No. 81429

FILED

DEC 23 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S.Young
DEPUTY CLERK

## ORDER DISMISSING APPEAL

This is an appeal from a district court order granting a motion to enforce a settlement agreement. Eighth Judicial District Court, Clark County; Mary Kay Holthus, Judge.

Initial review of the docketing statement and documents before this court revealed a potential jurisdictional defect—an order granting a motion to enforce a settlement agreement is not independently appealable. *See Valley Bank of Nevada v. Ginsburg*, 110 Nev. 440, 445-46, 874 P.2d 729, 733-34 (1994). Accordingly, this court ordered appellant to show cause why this appeal should not be dismissed for lack of jurisdiction.[1]

---

[1]This court also specifically noted that appellant's docketing statement did not contain a complete response to docketing statement item 23. Counsel for appellant failed to give a brief description of each party's separate claims, counterclaims, cross-claims, or third-party claims and the date of formal dismissal of each claim. This court ordered appellant to file an amended docketing statement that contained a complete response to item 23. Appellant filed an amended docketing statement, but still did not provide a complete response to item 23. Counsel for appellant is cautioned

20-46379

In response, appellant asserts that the challenged order is appealable as a final judgment. Respondent counters that no final judgment has been entered because its claims against appellant and The Meadows at Elkhorn Springs Homeowners Association (HOA) remain pending.

This court agrees with respondent. The challenged order does not resolve any claims asserted in the district court proceedings. It is thus not appealable as a final judgment. *See Lee v. GNLV Corp.*, 116 Nev. 424, 426, 996 P.2d 416, 417 (2000) (defining a final judgment); *Valley Bank of Nev.*, 110 Nev. at 446, 874 P.2d at 733–34 (concluding that the district court's order approving a settlement agreement was not a final, appealable judgment because the parties' claims were not dismissed or otherwise resolved); *see also KDI Sylvan Pools v. Workman*, 107 Nev. 340, 342, 810 P.2d 1217, 1219 (1991) (stating the fact that a party is not inclined to pursue a counterclaim does not "render the counterclaim moot or operate as a formal dismissal of the claim"). The fact that the district court may have closed the case does not make the challenged order an appealable final judgment. *Cf. Brown v. MHC Stagecoach, LLC*, 129 Nev. 343, 301 P.3d 850 (2013) (a form order statistically closing a case is not appealable). As no other written, file-stamped order appears to formally resolve respondent's claims against appellant and HOA, it appears these claims remain pending and the district court has not yet entered a final judgment appealable under NRAP 3A(b)(1). And no other statue or court rule allows an appeal from the challenged order. *See id.* at 345, 301 P.3d at 851 (this court "may only

_____

that future failure to comply with this court's rules and orders may result in the imposition of sanctions.

consider appeals authorized by statute or court rule"). Accordingly, this court

ORDERS this appeal DISMISSED.[2]

_____, J.
Gibbons

_____, J.
Stiglich

_____, J.
Silver

cc:    Hon. Mary Kay Holthus, District Judge
       Kerry P. Faughnan
       Snell & Wilmer, LLP/Tucson
       Snell & Wilmer, LLP/Las Vegas
       Eighth District Court Clerk

---

[2]Any aggrieved party may file a new notice of appeal once the district court enters a final judgment.