# IN THE SUPREME COURT OF THE STATE OF NEVADA

WESTERN NATIONAL MUTUAL INSURANCE COMPANY, A MINNESOTA CORPORATION,

Appellant,

vs.

WILLIAM HARRY RESH, AN INDIVIDUAL,

Respondent.

No. 82087

FILED

FEB 2 6 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER DISMISSING APPEAL

This is an appeal from a district court order granting a motion for summary judgment. Eighth Judicial District Court, Clark County; Eric Johnson, Judge.

Initial review of the docketing statement and documents before this court revealed a potential jurisdictional defect. It appeared that the challenged order is not appealable as a final judgment under NRAP 3A(b)(1) because respondent's claims against Money Machine, LLC, dba Compadres Auto Sales, and Robert Legaspi remain pending in the district court. *See Lee v. GNLV Corp.*, 116 Nev. 424, 426, 996 P.2d 416, 417 (2000) (defining a final judgment). In response, appellant appears to concede that the district court has not entered an order resolving the claims against Money Machine or Legaspi. However, it asserts that no claims remain pending in the district court because any debts against Money Machine and Legaspi were discharged in a separate bankruptcy court action.

"[A] final judgment is one that disposes of all the issues presented in the case, and leaves nothing for the future consideration of the court, except for post-judgment issues such as attorney's fees and costs." *Lee v. GNLV Corp.*, 116 Nev. 424, 426, 996 P.2d 416, 417 (2000). This court

is not convinced that the discharge of debts in a separate bankruptcy court action constitutes a formal resolution of the claims in the underlying district court action. Accordingly, the claims against Money Machine and Legaspi remain pending in the district court and the challenged order is not appealable as a final judgment under NRAP 3A(b)(1). As no other statute or court rule appears to allow an appeal from the challenged order, *see Brown v. MHC Stagecoach, LLC*, 129 Nev. 343, 345, 301 P.3d 850, 851 (2013) (this court "may only consider appeals authorized by statute or court rule"), this court lacks jurisdiction and

ORDERS this appeal DISMISSED.[1]



_____, J.
Parraguirre

_____, J.        _____, J.
Stiglich                      Silver

cc:   Hon. Eric Johnson, District Judge
      Thomas J. Tanksley, Settlement Judge
      The Faux Law Group
      Sklar Williams LLP
      Eighth District Court Clerk

---

[1]If aggrieved, appellant may file a new notice of appeal if the district court enters an appealable order in the future.