# IN THE SUPREME COURT OF THE STATE OF NEVADA

ALEX ARRIAGA,
                Appellant,

vs.

KARLA DIANA PEREA,
                Respondent.

No. 81737

FILED

MAR 31 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER DISMISSING APPEAL

This is an appeal from a district court decision and order entered in a child custody matter. Eighth Judicial District Court, Clark County; Vincent Ochoa, Judge.

Respondent has filed a motion to dismiss this appeal for lack of jurisdiction. She contends the order is not appealable under NRAP 3A(b)(1) or NRAP 3A(b)(7) because it does not finally resolve the issue of child custody. She argues the order is merely an interim order awarding temporary custody. Appellant opposes the motion and asserts the order is a final decision. He asserts in his docketing statement that the order is appealable as a final judgment under NRAP 3A(b)(1).

The challenged order contains internal inconsistencies regarding child custody and child support.[1] With regard to child custody, the court concludes in the "Conclusions of Law" section of the order that it

---

[1]The order also contains internal inconsistencies with respect to attorney fees and costs.

is in the children's best interest to award respondent primary physical custody. In the "Orders" section, however, the court states that it is in the children's "best interest for [respondent] to be Temporarily Awarded Primary Physical Custody." With respect to child support, in the "Conclusions of Law" section of the order, the court makes an award of child support in an amount certain based on the information in appellant's financial disclosure form. But the court also states that a new and accurate financial disclosure form needs to be submitted and respondent can seek to increase support if it is revealed via the updated form or discovery that appellant's true income is more than he disclosed. In the "Orders" section, the court states that the child support award is to be paid "pending further factual development." The court also directs appellant to file his answer to the complaint within 21 days.

Under these circumstances, and notwithstanding that the case appears classified as closed in the district court, it appears that the challenged district court order does not finally resolve the matters of child custody and support. The order also fails to address respondent's claim for palimony. Accordingly, the order is not appealable as a final judgment under NRAP 3A(b)(1), *see Lee v. GNLV Corp.*, 116 Nev. 424, 426, 996 P.2d 416, 417 (2000) (defining a final judgment as "one that disposes of all the issues presented in the case, and leaves nothing for the future consideration of the court, except for post-judgment issues such as attorney's fees and costs"), or an order that finally establishes or alters the custody of minor children, *see* NRAP 3A(b)(7). And it does not appear that any other statute or court rule allows an appeal from the challenged order. *See Brown v. MHC Stagecoach, LLC*, 129 Nev. 343, 345, 301 P.3d 850, 851 (2013) (this court "may only consider appeals authorized by statute or court rule").

Accordingly, as this court lacks jurisdiction, this court grants respondent's motion and

ORDERS this appeal DISMISSED.[2]



_____, J.
Parraguirre

_____, J.                _____, J.
Stiglich                                  Silver


cc:    Hon. Vincent Ochoa, District Judge
       Barnes Law Group, LLC
       The Grace Law Firm
       Eighth District Court Clerk
       Carolyn Worrell, Settlement Judge

---

[2]Any aggrieved party may file a new notice of appeal once the district court enters an appealable order.

SUPREME COURT
OF
NEVADA

(O) 1947A